Albert H. **RUSSELL**, Plaintiff Below,
Appellant,

v.

Livio **OLMEDO**, M.D., Defendant Below,
Appellee.

Supreme Court of Delaware.

March 8, 1971.

Jay H. Conner of Conner & Daley, Wilmington, for appellant.

Rodney M. Layton and Richard G. Elliott, Jr., of Richards, Layton & Finger, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from an order of the Superior Court dismissing an action for personal injuries by reason of 10 Del.C. § 8118, imposing a two-year period of limitations for the bringing of such actions.

This action seeks to recover for personal injuries resulting from alleged medical malpractice on April 14, 1966. The gravamen of the complaint is that instead of performing a trigeminal neuralgia, the surgeon in question actually performed a trigeminal rhizotomy.

On April 2, 1968, plaintiff filed a complaint seeking to recover for the alleged personal injuries. Accompanying the complaint was a praecipe on the face of which plaintiff's counsel made the following written notation: "Please do not release to Sheriff's office until I advise." Following

this, plaintiff's counsel, allegedly to protect the surgeon involved from undue publicity, moved to have the records of the cause impounded. This motion was granted and an order to that effect was entered. Subsequently, plaintiff presented his complaint to the Joint Screening Panel of the Delaware Medical and Legal Bar Associations. This Panel is designed to pass upon the merit of a complaint for medical malpractice and, in the event the Panel holds that there is merit to the complaint, to assist in the furnishing of expert testimony in behalf of the plaintiff. The Panel gave its decision some time around September 10, 1968. On November 19, 1968 plaintiff issued a second praecipe ordering service and service was, in fact, made on the defendant on December 3, 1968. Thereafter, for some reason unknown, the case continued along in the Superior Court until it was marked for trial on February 12, 1970. Shortly before this date, the defendant learned of the foregoing circumstances and moved to dismiss the action on the ground that it was barred by 10 Del.C. § 8118.

It was necessary, in order to avoid the bar of the statute of limitations, that the plaintiff's action be filed prior to April 15, 1968. In point of fact, a complaint was filed but the issuance of a summons was delayed at the direction of plaintiff's counsel for a period of seven months before a second praecipe was filed directing the issuance of a summons which was actually served on the defendant.

Rule 3(a) of the Civil Rules of Procedure of the Superior Court, Del.C.Ann. provides that an action is commenced by the filing with the Prothonotary of a complaint and a praecipe directing the issuance of the writ specified. It is required that the praecipe contain a positive order for the issuance of the necessary process to put the judicial machinery in motion. 1 Woolley, Delaware Practice § 161; Casey v. Southern Corporation, 26 Del.Ch. 447, 29 A.2d 174 (1942); Bokat v. Getty Oil Company, Del.Supr., 262 A.2d 246 (1970).

The foregoing cases lay down the rule that ordinarily the filing of an action will commence the tolling of the statute of limitations, but that this is subject to the requirement that the plaintiff diligently seek to bring the defendant into court and subject him to its jurisdiction.

It is apparent in the record before us that service of a summons upon the defendant, and notice to the defendant of the pendency of an action, was purposely delayed by the plaintiff. To be sure, he alleges an altruistic motive for the delay; that is, the saving of adverse publicity for the defendant surgeon. However, the service of a summons upon the defendant thus notifying him of the pendency of the action would result in no publicity whatsoever.

As a matter of fact, the first notice the defendant received of the pendency or possible pendency of an action for personal injuries brought against him was when he was informed of the proceedings before the Screening Panel. This, we think, is not the promptness of notice a defendant is entitled to when a complaint or an action is filed against him. Furthermore, there is no explanation of why the plaintiff delayed almost two years before filing his complaint initially, or the lapse of a month after the decision of the Screening Panel before plaintiff finally filed the proper praecipe with express instructions for the service of a summons.

Under the circumstances, we agree with the trial judge that no valid reason has been advanced as to why he waited some seven months after the statute of limitations had run "to put the judicial machinery in motion". We accordingly hold that the filing of the complaint and praecipe on April 2, 1968 did not constitute an "action" as contemplated by 10 Del.C. § 8118. We further think that the praecipe filed on November 19, 1968 did constitute such an "action" but it was filed some seven months after the statute of limitations

had barred the action. The granting of the motion to dismiss the complaint was therefore proper.

The judgment below is affirmed.