Jonathan M. SINES, Plaintiff,

v.

Wilson A. WYATT, Defendant and Third-Party Plaintiff,

v.

John C. DAVIS, Third-Party Defendant.

Superior Court of Delaware, New Castle.

July 22, 1971.

Stephen P. Casarino, Wilmington, for plaintiff.

Clement C. Wood, Wilmington, for defendant and third party plaintiff.

Michael N. Castle, Wilmington, for third party defendant.

OPINION

MESSICK, Judge.

Plaintiff, Jonathan M. Sines, filed suit on February 10, 1970, against the defendant, Wilson A. Wyatt, seeking to recover damages for injuries sustained as the result of a collision between a motor vehicle being operated by John C. Davis, and in which motor vehicle plaintiff was a passenger, and a motor vehicle being operated by the defendant in the City of Wilmington on October 26, 1968. As the result of faulty information supplied to the Sheriff as to where defendant could be served with process, personal service was not made upon the defendant until December 29, 1970. Defendant has moved for summary judgment on the grounds that the filing of the complaint and praecipe on February 10, 1970 did not constitute an "action" as contemplated by 10 Del.C. § 8118, and that it was not until December that a praecipe gave the correct address where defendant could be served. Since this was some two months after the Statute of Limitations had run, the "action" comes too late and is barred by 10 Del.C. § 8118.

10 Del.C. § 8118 reads as follows:

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained."

Defendant relies principally upon Russell v. Olmedo, 275 A.2d 249 (Del.Sup.Ct., 1971). However, that case is readily distinguishable from the case at Bar. In *Russell* plaintiff's counsel filed a complaint and an accompanying praecipe on the face of which counsel made the following written notation: "Please do not release to Sheriff's office until I advise." Some seven months after the Statute of Limitations had run, a second praecipe was filed ordering service upon the defendant. The Supreme Court held that the service of

summons and notice to the defendant was purposely delayed by the plaintiff and that he had failed "to put the judicial machinery in motion."

■ Ordinarily, the filing of an action will commence the tolling of the Statute of Limitations, but this is subject to the requirement that the plaintiff diligently seek to bring the defendant into court and subject him to its jurisdiction. Casey v. Southern Corporation, 26 Del.Ch. 447, 29 A.2d 174 (1942); Bokat v. Getty Oil Company, 262 A.2d 246 (Del.Sup.Ct., 1970).

■ In the case at Bar the plaintiff duly filed a complaint and praecipe, and although the Sheriff experienced difficulty in locating the defendant due to incorrect addresses supplied by the plaintiff, this Court cannot say that service of process was purposely delayed by the plaintiff as in *Russell*. Here the plaintiff had put the judicial machinery in motion, and the filing of the complaint and praecipe on February 10, 1970, did constitute an "action" within the meaning of 10 Del.C. § 8118.

On January 15, 1971, defendant Wilson A. Wyatt brought John C. Davis into the action by filing a third party complaint seeking to recover property damages to his motor vehicle, and also seeking contribution. Third party defendant John C. Davis filed a third party counterclaim against the third party plaintiff, Wilson A. Wyatt, seeking to recover for personal injuries as well as punitive damages. Wyatt concedes that his action against Davis will not lie insofar as it seeks contribution from Davis for any amounts he might be required to pay plaintiff. However, he does not concede that Davis is not liable to him for damages to his motor vehicle as set forth in his third party complaint. In addition, Wyatt contends that Davis' counterclaim is barred because it was not filed within two years of the date the cause of action accrued. Davis contends that if his counterclaim is barred then the same holds true for Wyatt's complaint which was filed more than two years after the cause of action occurred.

■ Davis' counterclaim seeks affirmative relief for personal injuries and is an action within the meaning of 10 Del.C. § 8118 and subject to its two year period of limitations, notwithstanding the fact that his demand for such relief is presented by way of counterclaim. Consequently, Davis' counterclaim for personal injuries is barred by the Statute of Limitations.

Wyatt, in filing his third party complaint, seeks to recover for damages sustained by his motor vehicle. 10 Del.C. § 8118 is concerned solely with claims for personal injuries. Since Wyatt has abandoned his claim for contribution against Davis, the Court has only to decide whether his claim for property damages is barred by 10 Del.C. § 8106A which provides that

"No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action."

■ Wyatt's reliance on Goldsberry v. Frank Clendaniel, Inc., 10 Terry 69, 109 A.2d 405 (Del.Super.Ct.1954) and Royal Car Wash Co. v. Mayor & Council of Wilmington, 240 A.2d 144 (Del.Super.Ct., 1968) is somewhat misplaced since those cases hold that the personal injury statute of limitations was not a bar to a defendant's complaint for contribution because the third party claim is not for recovery of injuries but for contribution. In the case at Bar the third party complaint is not for contribution but is seeking recovery for injury to personal property and is governed by 10 Del.C. § 8106A. The third party plaintiff is not obligated to join the third party defendant, but should he seek to do so it must be within two years of the time the property damage was incurred. This is only fair since the third party plaintiff had two years within which to decide whether he desired to sue the other party involved in the accident. Certainly, the fact that the plaintiff sued the defendant

did not make him aware for the first time that he might have a cause of action against the third party defendant. Therefore, the Court is of the opinion that 10 Del.C. § 1806A, the two year Statute of Limitations, is applicable to the third party complaint and it is barred.

Defendant and third party plaintiff's motion for summary judgment is denied.

Third party defendant's motion to dismiss third party plaintiff's complaint is granted.

Third party plaintiff's motion to dismiss third party defendant's counterclaim is granted.

It is so ordered.