**Ronald L. HUNTER, Plaintiff,**

v.

**Warren McGEE, and Wayne Warren, Defendants.**

**No. 99C–12–020JTV.**

Superior Court of Delaware, Kent County.

Submitted July 13, 2001.
Decided Oct. 31, 2001.

335

Ronald L. Hunter, pro se.

W. Michael Tupman, (Department of Justice), Wilmington, Delaware, for Defendants.

VAUGHN, J.

## OPINION

This case requires the Court to determine whether the filing of a signed praecipe and an unsigned complaint, without either a filing fee or a motion to proceed *in forma pauperis*, is sufficient to satisfy a statute of limitations which would otherwise expire that day. My conclusion is that the failure to sign the complaint is correctable under Rule 11, and that the filing of a praecipe and complaint alone, without more, is sufficient to commence an action and toll a statute of limitations, subject to the requirement that the plaintiff promptly thereafter file either the filing fee or a motion to proceed *in forma pauperis*.

## THE FACTS

On Friday, December 8, 2000, the plaintiff, Ronald Hunter,[1] mailed the Court a signed praecipe directing that summonses be issued for service upon the two named defendants, an unsigned complaint, and two purported forms of summonses, one for each defendant.[2] In his complaint he alleged that the two defendants, both of whom are state police officers, injured him with excessive force while effecting an arrest of his person on December 10, 1998. The papers were received in the Prothono-

tary's Office on Monday, December 11, 2000.[3]

On December 13, 2000, the Prothonotary's Office sent the papers back to the plaintiff with a cover memo listing deficiencies, including the fact that the complaint was not signed and there was no check for the Court's filing fee.[4] On January 9, 2001 the plaintiff resubmitted the papers to the Prothonotary, having signed the complaint and corrected the other deficiencies. Instead of a check for the filing fee, however, he submitted an application to proceed *in forma pauperis*. This application was approved by the Court on February 5, 2001, and the defendants were then served with process.

The defendants have moved to dismiss the action on the grounds that the plaintiff failed to comply with the applicable statute of limitations. Specifically, they contend that the papers filed with the Court on December 11, 2000 did not toll the statute of limitations because they were not accompanied by either a filing fee or an application to proceed *in forma pauperis*. The filing of a filing fee or an application to proceed *in forma pauperis* is, they contend, a necessary step to toll a statute of limitations, and since neither was submitted on December 11, the statute expired on that date.

## STANDARD OF REVIEW

The defendants' motion is styled as a motion to dismiss. However, since it seeks dismissal based upon an affirmative defense, statute of limitations, I think it may more properly be considered a motion

---

1. Hunter is an inmate at the Delaware Correctional Center.

2. The two purported summonses were more in the nature of a witness subpoena.

3. December 10 was a Saturday, Sunday, or legal holiday, thus pushing the limitations deadline over to December 11.

4. Photocopies of the plaintiff's papers were kept by the Prothonotary pending re-submission of the corrected documents.

for judgment on the pleadings. A motion for judgment on the pleadings has been viewed as in the nature of a motion to dismiss in that it admits, for the purpose of the motion, the allegations of the opposing party's pleadings but contends they are insufficient at law.[5]

## DISCUSSION

■ Before turning to the defendants' contentions, some attention should be given to the fact that the complaint filed on December 11 was unsigned. Rule 11(a) provides that "[e]very pleading, motion, and other paper ... shall be signed by at least 1 attorney of record ..., or, if the party is not represented by an attorney, shall be signed by the party." The last sentence of that section of the rule provides that "[a]n unsigned paper shall be stricken unless it is corrected promptly after the omission of the signature is called to the attention of the attorney or party."[6] It follows from this last sentence of Rule 11(a) that a failure to sign a pleading, even an original complaint, is not a fatal error. It is an irregularity which can be corrected. In this case, I find that the plaintiff did promptly correct the irregularity when he signed and returned the complaint within four weeks.[7]

In support of their contention that the filing of a praecipe and a complaint alone does not toll a statute of limitations, the defendants rely upon Rule 3(e), which reads in pertinent part as follows:

The Prothonotary shall not file any paper or record or docket any proceeding until the required deposit for costs and fees has been made. Before any civil suit, action or other proceeding is instituted in the Superior Court, the Prothonotary shall demand and receive the sum of $125.00, as a deposit of guaranty for the payment of the fees and costs in the Prothonotary's office ...

Where the plaintiff seeks to proceed *in forma pauperis* in lieu of the payment of a filing fee, they contend, the application to proceed *in forma pauperis* must at least be filed to toll the statute of limitations. They point to Rule 112, which reads in pertinent part as follows:

Where a party seeks to commence ... any civil action ... without prepayment of fees and costs, the party shall apply to the Court to proceed *in forma pauperis*.

Superior Court Civil Rule 3(a) provides that "an action is commenced by filing with the Prothonotary a complaint ... and a praecipe." It requires only those two papers to commence an action. Prior decisions of this Court have recognized that the filing of a praecipe and a complaint are the two essentials for the commencement of an action and the tolling of the statute of limitations.[8] These same cases also recognize that the tolling of the statute of limitations is subject to the requirement that the plaintiff diligently seek to bring

---

5. *Fagnani v. Integrity Finance Corporation,* Del.Super., 167 A.2d 67 (1960).

6. Rule 11(a).

7. *Accord, Temple v. Wells,* C.A. No. 00–2110, Section "K"(3), 2001 U.S. Dist. LEXIS 11947, Duval, J., 2001 WL 883638 (Aug. 6, 2001); *Adams v. Perloff Brothers, Inc.,* 784 F.Supp. 1195 (E.D.Pa. Feb.28, 1992); *LaFont v. U.S.,* 17 Cl.Ct. 837 (Aug. 25, 1989).

8. *Russell v. Olmedo,* Del.Supr., 275 A.2d 249 (1971); *Haigh v. Marathon Letourneau Co.,* C.A. No. 85C–SE–47, Babiarz, J., 1988 WL 146520 (Dec. 29, 1988); *Lobley v. Maguire,* Del.Super., C.A. No. 84C–JL–72, Gebelein, J. (Mar. 5, 1986); *Bessell v. Hall,* C.A. No. 83C–MR–33, Martin, J. (Feb. 2, 1984); *Sines v. Wyatt,* Del. Super., 281 A.2d 499 (1971);

the defendant into court.[9] The rule that an action is commenced by the filing of a praecipe and a complaint has been a well known axiom of Superior Court civil practice since the adoption of the modern rules in 1947.[10]

█ Apparently, no Delaware case has specifically addressed the issue as to whether failure to include either the filing fee or a motion to proceed *in former pauperis* with the praecipe and complaint prevents tolling of the statute. Rule 3(e) sets forth the Prothonotary's duty to demand and receive the deposit for costs before docketing the action or otherwise allowing the action to proceed. It is clear that the Prothonotary is certainly not obligated to honor the praecipe's direction to issue process without a filing fee, and, in fact, under the rule must not do so. Where a motion to proceed *in forma pauperis* is filed in lieu of the filing fee, the issuance of process awaits the decision on the motion. It is arguable that the language of Rule 3(e) and Rule 112, read alone, is susceptible to a reading that there is no formal commencement of an action until either a filing fee or a motion to proceed *in forma pauperis* are filed. Rule 3(e) uses the word "instituted," which is a synonym for "commenced." Rule 112 begins with the phrase "[w]here a party seeks to commence . . .". However, they must be read in context with Rule 3(a). Neither Rule 3(e) nor Rule 112 expressly limits the scope of Rule 3(a). It is widely understood among the bar that failure to file both a praecipe and a complaint is fatal to an attempt to commence an action. Rules 3(e) and 112, however, have not previously been interpreted

as nullifying the commencement of an action if not included with the praecipe and complaint. In some case the failure to attach a check for the filing fee may be nothing more than an oversight of a messenger. After giving careful consideration to the language of Rules 3(a), (e) and 112, the prior decisions of this Court and the arguments of counsel, I remain convinced that an action is commenced, and a statute of limitations tolled, when a praecipe and complaint are tendered to the Prothonotary pursuant to Rule 3(a).

█ If the praecipe and complaint are unaccompanied by a filing fee or a motion to proceed *in forma pauperis,* however, they will not be docketed or otherwise processed forward. The plaintiff must then correct the failure to comply with Rule 3(e) or Rule 112 by promptly thereafter either paying the filing fee or filing a motion to proceed *in forma pauperis.* If he fails to do so, the action is subject to dismissal for failure to comply with the statute of limitations and the rules of this Court.

The defendants have referred the Court to federal cases which have held that the failure to pay a filing fee or file a motion to proceed *in forma pauperis* was jurisdictional or resulted in a statute of limitations not being tolled.[11] However, those cases are decided on federal statutes which differ from this Court's rules.

In this case, the defendant did promptly correct the defects in his action. After commencing his action by the filing of a praecipe and complaint he acted diligently to bring the defendants into court. Since

---

**9.** *See* cases cited *supra* note 7.

**10.** Earlier in the Court's history, the commencement of an action was by the filing of a praecipe only, with the complaint, then known as a declaration, coming at a later point in the proceedings.

**11.** *Williams–Guice v. Board of Education,* 45 F.3d 161 (7th Cir.1995); *U.S. v. Johnson,* 373 F.Supp. 1057 (D.Del.1974).

he did so, the statute of limitations was tolled effective the December 11, 2000, and the defendants' motion to dismiss the complaint on grounds of statute of limitations is *denied*.

**IT IS SO ORDERED.**