Fred W. BRYANT, By and Through his Legal Guardian, Anna M. PERRY, Plaintiff Below, Appellant

v.

BAYHEALTH MEDICAL CENTER, INC., trading as Kent General Hospital, Defendant Below, Appellee.

No. 6,2007.

Supreme Court of Delaware.

Submitted: Sept. 19, 2007.
Decided: Oct. 18, 2007.

Roy S. Shiels of Brown, Shiels & O'Brien, LLC, Dover, for Appellant.

Mason E. Turner, Jr. of Prickett, Jones & Elliott, P.A., Wilmington, for Appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

JACOBS, Justice:

The appellant, Fred W. Bryant ("Bryant"), appeals from an order of the Superior Court, granting summary judgment and dismissing his malpractice action against Bayhealth Medical Center, Inc. ("Bayhealth"), as time-barred. We hold in this Opinion that the Superior Court erroneously granted Bayhealth's motion for summary judgment. Accordingly, we reverse and remand.

### FACTS AND PROCEDURAL BACKGROUND

The material facts are undisputed. While Bryant was a patient at Kent General Hospital, which is a facility operated by Bayhealth, he sustained injuries as a result of a fall from his hospital bed. Bryant's injury occurred on April 29, 2004. Under the applicable statute of limitations, Bryant had two years—or until May 1, 2006—to file a personal injury action.[1]

On May 1, 2006—the last day of the period of limitations—Bryant's counsel[2] filed with the Kent County Prothonotary paper copies of a complaint, a praecipe and other documents required to be filed under the Superior Court Rules of Civil Procedure. The Prothonotary stamped the papers "RECEIVED AND FILED 06 MAY—1," docketed the complaint, and issued a civil action number.

On May 2, 2006, the next day, the Prothonotary sent to Bryant's counsel a "Notice of Non–Conforming Documents," which stated that the "hard copy" filing was "being rejected and returned . . . un-

---

1. All parties agree that the applicable statute of limitations is 18 *Del. C.* § 6856, which requires that the action be brought within two years from the date the injury occurred. Because April 29, 2006 was a Saturday, the last permissible day to bring the action was May 1, 2006. *See* Super. Ct. Civ. R. 6(a).

2. Bryant's counsel in the Superior Court was not the same attorney who currently represents him on this appeal, although they are both in the same law firm.

docketed [because it] [m]ust be E–Filed."[3] The hand-filed papers were marked "VOID" and were returned to Bryant's counsel. Later that same day (May 2), Bryant's counsel e-Filed the same documents, including the complaint and the praecipe, that he had paper-filed the day before. Bryant's counsel filed another hard copy of that praecipe on June 21, 2006. Thereafter, the Prothonotary issued a summons to the Kent County Sheriff, who perfected service of process upon Bayhealth on July 5, 2006.

On July 17, 2006, Bayhealth filed a Rule 36 Request for Admissions, requesting Bryant to admit that the "attached praecipe"[4] (1) had been filed with the Prothonotary on June 21, 2006, and (2) was the first "legally cognizable" document filed with the Superior Court requesting service of process upon Bayhealth. Because Bryant failed to respond to the Request for Admissions within 30 days as Rule 36 requires,[5] the subject matter of the Request was deemed to have been admitted by default.

Next, on September 15, 2006, Bayhealth filed a motion for summary judgment, on the ground that Bryant's action was time-barred as a matter of law. Bryant did not move for relief from the effect of his default admission. Instead, on September 21, 2006, Bryant's counsel filed an out-of-time response to the Request for Admissions, which stated that Bryant could not admit or deny the matter requested because no praecipe had been attached to the Request.

On October 4, 2006, Bryant's counsel filed a response to Bayhealth's motion for summary judgment, taking the position that: (i) he had filed the complaint and praecipe within the period of limitations, (ii) only the form of the filing required correction, and (iii) counsel's error as to form (i.e., the failure to e-File) was attributable to the Prothonotary. The Superior Court granted Bayhealth's summary judgment motion, holding that Bryant's malpractice action had not been commenced within the statutorily prescribed two year period. The trial court so ruled, despite having determined that the May 1 paper filing would have sufficed to toll the statute of limitations if the May 2 e-Filing had complied with all the applicable procedural requirements. One of those requirements, imposed by Superior Court Rule 3(a), is to diligently seek to bring the defendant before the court, by filing with the complaint a praecipe directing the issuance of process on the defendant. The Superior Court held that the May 2 filing did not comply because, having failed to file a timely response to Bayhealth's Request for Admissions, Bryant judicially admitted that the first "legally cognizable" document ordering service upon Bayhealth was filed—not on May 1 or May 2, but on June

---

3. It is undisputed that under Administrative Directive No. 2003–7, the pleadings should have been electronically filed because counsel had certified that damages were in excess of $100,000. *See* Administrative Directive of the President Judge of the Superior Court of the State of Delaware No. 2003–7 ("Directive 2003–7"), issued pursuant to Super. Ct. Civ. R. 79.1(b). A separate Administrative Directive of the President Judge of the Superior Court of the State of Delaware, No. 2003–8 ("Directive 2003–8"), establishes the procedures for e-Filing.

4. In fact, no praecipe was attached to Bayhealth's Rule 36 Request.

5. Super. Ct. Civ. R. 36(a) pertinently states that: "Each matter of which an admission is requested is ... admitted unless, within 30 days after service of the request, or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."

21—seven weeks after the limitations period had expired. Based solely on that judicial admission by default, the trial court entered summary judgment in favor of Bayhealth.

This appeal followed.

### THE CLAIMS OF ERROR:
### AN OVERVIEW

On appeal, Bryant claims that the Superior Court reversibly erred in four different respects. First, he claims that his failure to timely file the action was attributable to errors of court-related personnel. Second, Bryant claims that, in filing a complaint and a praecipe on May 1 and e-Filing those documents the next day, he commenced the action within the limitations period. Third, he contends that dismissing the action based solely upon his untimely response to the Request for Admissions was too extreme a remedy, because his disregard of discovery obligations was neither willful nor conscious. Fourth, Bryant urges that, in any event, the matter deemed admitted by default did not provide a sufficient factual predicate for a grant of summary judgment.

Our analysis of these claims begins with the applicable statute of limitations, 18 *Del. C.* § 6856, which relevantly provides that "[n]o action for the recovery of damages upon a claim against a health care provider for personal injury . . . arising out of medical negligence shall be brought after the expiration of 2 years from the date upon which such injury occurred." Whether or not an action is brought within the statutory period is governed by Superior Court Rule 3(a), which prescribes that an action is commenced "by filing with the Prothonotary a complaint . . . and a praecipe directing the Prothonotary to issue the writ specified therein."[6]

The core issue on this appeal is when Bryant's action was "commenced" for the purpose of establishing whether or not the action was timely "brought" under Section 6856. There are three possible alternatives:

(1) May 1, the date that the complaint and praecipe were paper-filed;

(2) May 2, the date that the complaint and praecipe were e-Filed; and

(3) June 21, the date that a second hard copy of the praecipe was filed.

All parties agree that if the action was commenced on June 21 or May 2, then the action is time-barred. If, however, the action was commenced on May 1, then the action is not time-barred. As noted, the Superior Court held that the May 1 filing would have been sufficient to toll the statute of limitations had the e-Filing of the same documents on May 2 complied with all the applicable procedural requirements. The Superior Court found that the May 2 filing did not comply with the Rule 3(a) requirement to file a legally effective praecipe. The reason was that Bryant's default admission conclusively established that the first "legally cognizable" praecipe ordering service upon Bayhealth was filed on June 21, *i.e.*, after the limitations period had expired.

For the reasons next discussed, we conclude that the Superior Court correctly held that the May 1 paper filing of the complaint and praecipe was sufficient to toll the statute of limitations, even though those documents were not (but should have been) e-Filed. We further hold that

---

6. Super. Ct. Civ. R. 3(a). Under the Federal Rules of Civil Procedure and Rules of the Court of Chancery, the filing of a complaint, without more, is sufficient to commence a civil action. FRCP 3 and Del. Ch. Ct. R. 3(a)(1) do not require the filing of a praecipe to commence an action. Superior Rule 3(a), however, does.

the trial court's conclusion that the statute of limitations was tolled on May 1 could not be "undone" by giving effect to Bryant's default admission that June 21 was the date that the first "legally cognizable" praecipe was filed. By giving legal effect to that admission, the Superior Court reversibly erred.

## THE STANDARD OF REVIEW AND ANALYSIS OF THE CLAIMS OF ERROR

This Court reviews a trial court's grant of a summary judgment *de novo* "to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute." [7] We review the application of discovery rules, including the rules governing requests for admissions for an abuse of discretion. [8]

### The May 1 Paper Filing, Followed by The May 2 E–Filing, Was Sufficient To Toll The Statute Of Limitations.

Bryant first claims that his filing of hard copies of the complaint and praecipe on May 1, followed by his e-Filing of those same documents the next day, were legally sufficient to commence the action on May 1. Whether a paper filing of a complaint and praecipe is sufficient to toll the statute of limitations, despite being (i) non-con-

forming as to the mode of filing (in this specific case, by not being e-Filed) and (ii) rejected by the Prothonotary on that basis, appears to be an issue of first impression in Delaware.

As to the form of the filing, nothing in the text of Superior Court Rule 3(a) mandated that the complaint or the praecipe must be e-Filed. Indeed, Rule 3(a) requires the filing of "sufficient copies of the complaint ... so that one copy can be served on each defendant." That requirement can only be satisfied by filing paper copies. The source of the e-Filing requirement was not Rule 3(a) but, rather, an Administrative Directive of the President Judge of the Superior Court that became effective in October 2003,[9] but was not explicitly made a part of Rule 3(a).[10] The Superior Court concluded (preliminarily) that the rejection of the hard copy paper filing by the Prothonotary was irrelevant for limitations purposes, and that Bryant's action was commenced on May 1, the date of the paper filing. That conclusion, we hold, was correct.

The issue is whether the initial filing of paper copies of the pleadings, where e-Filing was required, precludes the tolling of the statute of limitations. We conclude that the failure to e-File was not legally significant for tolling purposes. Administrative Directive No. 2003–8, Procedure

---

7. *Green v. Weiner,* 766 A.2d 492, 494 (Del. 2001) (citing *Benge v. Davis,* 553 A.2d 1180, 1182 (Del.1989)). *See also Moore v. Sizemore,* 405 A.2d 679, 680 (Del.1979); *Shea v. Matassa,* 918 A.2d 1090, 1093 (Del.2007).

8. *See Dann v. Chrysler Corp.,* 166 A.2d 431 (Del.Ch.1960); *Mann v. Oppenheimer & Co.,* 517 A.2d 1056 (Del.1986).

9. *See* Administrative Directive No. 2003–7, adopted pursuant to Super. Ct. Civ. R. 79.1(b).

10. The importance of that omission is illuminated by *Hunter v. McGee,* 820 A.2d 1167, 1170 (Del.Super.2001). There, the issue was whether failure to include either the filling fee or a motion to proceed *in forma pauperis* with the praecipe and complaint prevented the tolling of the statute of limitations. Those filing requirements are explicitly stated in Superior Court Rules 3(e) and 112. The Court held that failure to comply with those requirements would not preclude the tolling of the statute of limitations, so long as there was compliance with the requirements of Rule 3(a).

No. 10, which bears on that issue, provides that "[i]f the electronic filing is not filed with the Prothonotary or served because of ... *rejection* by the Prothonotary ... the Court may upon satisfactory proof enter an order permitting the document to be filed or served *nunc pro tunc* to the date it was first attempted to be sent electronically." [11] Citing that provision, the Superior Court found that, although Bryant's counsel had made no request for a *nunc pro tunc* order, and even though the quoted provision was "clearly intended only to apply to electronic filing errors, [its] language [was] instructive." [12] We agree, because the rationale authorizing a *nunc pro tunc* order to remedy a rejection by the Prothonotary of *e-Filings* is equally applicable to rejected *paper* filings. Thus, Administrative Directive No. 2003–8 inferentially contemplates the result reached here.

Our determination that the action was validly commenced on May 1 is also consistent with the counterpart Federal Rules of Civil Procedure ("FRCP").[13] Neither party has cited to us any Delaware case that addresses the consequences, for limitations purposes, of the adoption of e-Filing requirements by Delaware's trial courts. The Federal Rules do address this issue: Federal Rule 5(e) establishes that paper filing and e-Filing are equivalent, and directs that "[t]he clerk should not refuse to accept for filing any paper presented for that purpose solely because it is not presented in *proper form* as required by [the Federal Rules] or any local rules or practices." [14] Applying that rule, the Third Circuit has held that it was improper for a clerk to refuse to docket the complaint because of "*technical deficiencies* in the format of the pleading." [15] Explaining that the purpose of Rule 5(e) is "to protect litigants whose claims might be time-barred if their non-conforming pleadings were rejected" by court clerks, the Court noted that this was not an appropriate role for the clerk's office.[16] We find the treatment of the issue under the counterpart Federal Rules to be highly persuasive.

The Prothonotary's rejection of the paper filing should also not be given legal effect for tolling purposes, because that rejection was neither legally mandated or necessary. The Prothonotary had two options: reject the paper filing or hold the filed documents (without rejecting them) pending the receipt of a corrected filing. The Prothonotary chose to reject the paper-filed documents. That action by "court-related personnel" prevented Bryant from exercising his legal remedy (*i.e.*, pursuing his malpractice claim).[17]

---

**11.** Directive No. 2003–8, Procedure No. 10 (italics added).

**12.** Super. Ct. Op., 2006 WL 3844061 at *2.

**13.** Delaware case law recognizes the inherent authority of Delaware courts to "engraft implied exceptions upon the statute of limitations where the legislative purpose of the statute is not contravened," if the plaintiff demonstrates that he has acted with diligence. *See Mergenthaler v. Asbestos Corp. of Am.*, 500 A.2d 1357, 1365 (Del.Super.1985).

**14.** *See* Fed.R.Civ.P. 5(e) (emphasis added).

**15.** *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3rd Cir.1996) (emphasis added).

**16.** *Id.*

**17.** Bryant claims that the Prothonotary's rejection of his paper filing was an error of court-related personnel. He urges that the Prothonotary should have informed Bryant's counsel, at the time of filing, of the requirement to e-File. Having concluded that the Prothonotary's decision to reject the filing had no effect for limitations purposes, we do not reach the issue of whether the Prothonotary had an affirmative duty to notify a litigant, at the time of filing, of any noncompliance with any Superior Court Rules.

Our case law permits retroactive tolling of the statute of limitations in cases where a party is prevented from exercising a legal remedy by "an action of the court itself," if the party acted with due diligence.[18]

Despite his numerous procedural missteps, Bryant's counsel did act with due diligence. He "put the judicial machinery in motion"[19] by filing the complaint and the praecipe with the Prothonotary within the period of limitations, as Rule 3(a) required. Although apparently unaware that e-Filing was required, Bryant's counsel, once apprised of that fact, corrected the error the next day. Thereafter, he filed a separate paper copy of the praecipe, which was needed for service of process.[20] Bayhealth was served on July 5, 2006, less than 120 days from the filing of the complaint, in accordance with the Superior Court Rules.[21]

In short, the Superior Court correctly ruled that the paper-filing of the complaint and the praecipe, despite being non-conforming in the sense that the documents were not e-Filed, and despite being rejected by the Prothonotary, was sufficient to commence the action on May 1, 2006. Where the Superior Court erred was in holding that Bryant's judicial admission by default had the effect of "undoing" its ruling that May 1 was the legally valid commencement date.

### The June 21 Filing of Another Paper Praecipe Did Not Undo The Superior Court's Ruling That The Action Was Commenced On May 1.

The sole basis for the Superior Court's dismissal of this action was the (by default) judicially admitted fact that the praecipe filed on June 21 was the first "legally cognizable" praecipe filed with the Superior Court. Bryant claims that dismissal was too extreme a remedy, because his failure to timely respond to the Request for Admissions was an oversight, not the product of a willful or conscious disregard of discovery obligations. Bayhealth responds that Bryant may not seek relief from his judicial admission for the first time in this Court, because he never

18. *See Wilson v. King,* 673 A.2d 1228, 1232 (Del.Super.1996) (tolling the statute of limitations where plaintiff's attorney acted diligently, by attempting to file the complaint on the last permissible day, failing to do so because the Court clerk did not inform him about the after hours filing process, and then filing the complaint the next possible day). *See also Fleming v. Jackson,* 2005 WL 3146828 (Del. Supr.) and *Bivens v. Mattero,* 2004 WL 1732213 (Del.Super.) (denying defendant's motion for summary judgment where the statute of limitations expired on a Saturday and plaintiff filed the case on the next day when the courthouse was open).

19. *Russell v. Olmedo,* 275 A.2d 249, 250 (Del. 1971). Bayhealth relies on *Olmedo,* in which this Court held that a malpractice action was time barred because the praecipe did not contain "a positive order for the issuance of the necessary process to put the judicial machinery in motion." *Olmedo* is distinguishable. In *Olmedo,* the plaintiff filed, within the period of limitations, a complaint and a praecipe, but plaintiff's counsel wrote on the praecipe that the filed documents were not to be released to the Sheriff (apparently to protect the surgeon involved from adverse publicity). The effect was to intentionally delay service. Seven months after the limitations period had expired, plaintiff filed another praecipe, which did explicitly direct service upon the defendant. Here, unlike *Olmedo,* Bryant's counsel did not intentionally delay service of process (which occurred on July 5, 2006, within the time period prescribed by Superior Court Rule 4(j)). The praecipe—filed on May 1 and identical to the praecipe e-Filed the next day—contained the writ required by Rule 3(a); *i.e.* it positively ordered service upon Bayhealth.

20. Directive 2003–8, Procedure No. 3.

21. Under Super. Ct. Civ. R. 4(j), a plaintiff has 120 days from filing a complaint in which to perfect service of the summons and complaint upon the defendant.

sought that relief in the Superior Court. On that narrow point, Bayhealth is correct.

■ Supreme Court Rule 8 requires that an argument must be "fairly presented" to the trial court in order to be preserved on appeal. Matters that are deemed admitted under Superior Court Rule 36 are "conclusively established unless the court on motion permits withdrawal or amendment of the admission."[22] Bryant's counsel never sought relief from the Superior Court from his admission by default. Instead, counsel filed a substantive response to the Request for Admissions long after the prescribed 30 day window from the time the Request was served had closed. Having failed to request the Superior Court to grant relief from his judicial admission by default,[23] Bryant cannot now be heard to argue for the first time on appeal that he should be relieved from his admission.

This conclusion, however, does not end the analysis. Even though Bryant is bound by his judicial admission, we must still decide: what was the effect of that admission in these circumstances? The trial court held that the effect of the admission was to establish that the filing of a legally cognizable praecipe did not occur until June 21. Consequently (the Court ruled), Bryant's action was time-barred, despite the Court's determination that the May 1 filing was sufficient to toll the statute of limitations. That holding was erroneous for two separate reasons. First, it was wrong factually, because the trial court found that the June 21 praecipe was a "new praecipe,"[24] rather than a service copy of the same praecipe that had been originally filed on May 1 and 2. Second, the ruling was erroneous legally, because the admission by default, resulting solely from Bryant's untimely response to the Request for Admissions, was an improper vehicle to resolve the legal issue of when the action was commenced.

The Superior Court's ruling that the June 21 praecipe was a "new praecipe" is factually wrong. The docket sheet—an easily accessible and "more convenient",[25] source for determining when the first legally cognizable praecipe was filed—clearly indicated that a praecipe had been e-Filed on May 2. That praecipe was identical to the one that had been paper-filed on May 1.[26] A comparison of the May 2 and the June 21 praecipes would have revealed that identity.[27] Instead, the Superior Court ruled—solely on the basis of the default judicial admission and contrary to verifiable undisputed fact—that the June

---

22. Super. Ct. Civ. R. 36(b).

23. The Superior Court held that "no request, let alone justification, was brought to the Court to vitiate the effect of Rule 36(a)." Super. Ct. Op., at *2.

24. Super. Ct. Op., at *1, n. 3.

25. *See* Super. Ct. Civ. R. 26(b)(1)(i). Rule 36(a), which governs requests for admissions, specifically limits the use of requests for admissions for matters within the general scope and limits of discovery, as defined by Rule 26(b)(1). Under that Rule, the Superior Court must limit discovery, if necessary by acting upon its own initiative, "if it determines that ... [t]he discovery sought is ... obtainable from some other source that is more convenient, less burdensome, or less expensive."

26. Superior Court Docket Sheet, App. to Appellant's Opening Br.

27. The Superior Court noted that the June 21 praecipe carries two time stamps. One of the stamps reads "RECEIVED AND FILED 06 JUNE—21." The other time stamp is overwritten with the word "VOID." Super. Ct. Op., at *1, n. 3. This corroborates Bryant's allegation that the June 21 praecipe was identical to the May 1 praecipe, which had also been marked "VOID."

21 praecipe was a "new praecipe."[28] It was not.

The Superior Court also erred legally by giving effect to the judicial admission resulting from Bryant's counsel's untimely response to the Request for Admissions. In this specific case, a request for admissions was not the proper vehicle to resolve a legal dispute over when this action was effectively commenced.[29] The purpose of a request for admissions is not to deprive a party of a decision on the merits.[30] Rather, it is to simplify trials by eliminating facts about which there is no real controversy, but "which are often difficult and expensive to prove."[31] Requests for admissions "should not be used to establish the ultimate facts in issue"[32] or to demand that the other party admit the truth of a legal conclusion.[33]

Here, Bayhealth's Request for Admission that the June 21 praecipe was the first "legally cognizable" document requesting service upon Bayhealth was, by its own terms, a request to admit a conclusion of law and an ultimate fact going to the merits of the case. By permitting a Rule 36 admission to be deployed in this manner, which resulted in undoing the court's predicate holding and in the dismissal of the action as time-barred, the trial court erred.

## CONCLUSION

For the reasons set forth, the judgment of the Superior Court is reversed, and the case is remanded to that Court for further proceedings consistent with this Opinion.

**28.** Directive 2003–8, Procedure No. 3 requires that in actions that must be electronically filed, "a *paper copy* of any praecipe, CIS (case information statement), complaint and summons shall *also* be filed to facilitate service of process, with additional copies for service as required by the Rules." (emphasis added).

**29.** The Fifth Circuit held that requests for admissions may not be used for matters that go beyond the general scope of discovery and ruled that "it is beyond the intent of [Fed. R.Civ.P. 36(a), identical to Super. Ct. Civ. R. 36(a)] to countenance a request for admission ... which can be paraphrased: 'Admit that we win the case.'" *Carney v. Internal Revenue Service*, 258 F.3d 415, 422 (5th Cir.2001). Although the Superior Court erred in this respect, it bears emphasis that this Court does not condone the inexcusable professional negligence displayed by Bryant's counsel at the trial court level which has led to unnecessary litigation, expense and delay.

**30.** Superior Court Rule 36(b), permits withdrawal of an admission "when the presentation of the *merits* of the action will be subserved thereby," provided that the party who

obtained the admission is not prejudiced in maintaining a "defense on the merits."

**31.** *Calbert v. Volkswagen of Am., Inc.*, 1989 WL 147394, at *1 (Del.Super.); *See also Paoli–Gawronski v. Stancill*, 1998 WL 283404, at *2 (Del.Super.); *Stelly v. Papania*, 927 S.W.2d 620 (Tex.1996); *Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454, 458 (D.Minn.1997).

**32.** *Thorton v. Meridian Consulting Engineers, Del. LLC*, 2006 WL 2126291, at *1 (Del.Super.) (citing *Brittingham v. Lankford*, 1987 WL 17179 (Del.Super.)).

**33.** Federal courts allow litigants to request admissions as to a broad range of matters, including ultimate facts, but "[r]equests for admission cannot be used to compel an admission of a conclusion of law." *See Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D.Cal.1999); *Stubbs v. Comm'r Internal Rev.*, 797 F.2d 936, 938 (11th Cir.1986); *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir.1979); *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C.2006). Fed.R.Civ.P. 36(a) is identical to Super. Ct. Civ. R. 36(a).