# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE LISOWSKI,                        )
as Next Friend of BRANDON              )
RODRIGUEZ, JEREMIAH                    )
RODRIGUEZ, NICHOLAS                    )
O'BRIEN, minors, and JUAN              )
RODRIGUEZ, in his capacity as          )     C.A. No. N15C-04-228 ALR
Personal Representative of the         )
Estate of Alexis Rodriguez,            )
                                       )
      Plaintiffs,          )
                                       )
      v.                   )
                                       )
BAYHEALTH MEDICAL CENTER,              )
INC., d/b/a KENT GENERAL               )
HOSPITAL,                              )
                                       )
      Defendant.           )

Submitted: April 18, 2017
Decided: April 20, 2017

## ORDER

### *Upon Bayhealth's Motion for Protective Order*
### DENIED

Upon consideration of the Motion for Protective Order filed by Defendant Bayhealth Medical Center, Inc., d/b/a Kent General Hospital ("Bayhealth"); Plaintiffs' opposition thereto; the facts, arguments, and legal authorities set forth by the parties; decisional law; the Superior Court Civil Rules; and the entire record in this case, the Court hereby finds as follows:

1.     This is a medical negligence action arising from the death of Alexis Rodriguez on April 25, 2013.  Following an eight-day trial, a jury found that Bayhealth had committed medical negligence in its care and treatment of Mr. Rodriguez, but that the negligence did not proximately cause Mr. Rodriguez's death.

2.     Plaintiffs filed a timely motion for new trial on the grounds that the proximate cause jury instruction was erroneous and undermined the jury's ability to intelligently fulfill its duty to render a verdict.  By Order dated November 30, 2016, this Court granted Plaintiffs' motion for new trial ("New Trial Order").[1]  By Order dated December 29, 2016, this Court denied Bayhealth's request for certification of the New Trial Order for interlocutory appeal,[2]  and Bayhealth filed a timely motion for interlocutory appeal to the Delaware Supreme Court thereafter. By Order dated January 11, 2017, the Supreme Court refused Bayhealth's interlocutory appeal.[3]  Retrial is set to begin on July 17, 2017.

3.     On February 10, 2017, Plaintiffs filed four notices of Rule 30(b)(6) depositions.  Plaintiffs seek to conduct additional discovery in anticipation of retrial by deposing employees of Defendant with knowledge in specific areas that

---

[1] *Lisowski v. Bayhealth Med. Ctr., Inc.*, 2016 WL 6995365 (Del. Super. Nov. 30, 2016).

[2] *Lisowski v. Bayhealth Med. Ctr., Inc.*, 2016 WL 7477606 (Del. Super. Dec. 29, 2016).

[3] *Bayhealth Med. Ctr., Inc. v. Lisowski*, 2017 WL 443701 (Del. Jan. 11, 2017).

relate to the timing and effect of Bayhealth's post-surgical conduct on Mr. Rodriguez's death. Specifically, Plaintiffs seek to discover information in the following subject areas: (i) the preparation, availability, transportation to, and completion of an abdominal CT scan for a patient admitted to Kent General Hospital in April 2013; (ii) the preparation, availability, transportation, and priority given for admission into the Intensive Care Unit for a patient at Kent General Hospital in April 2013; (iii) the typing and transfusion of blood products for a patient admitted to Kent General Hospital in April 2013; and (iv) the process and availability of emergency surgery by an appropriate surgeon for a patient admitted to Kent General Hospital in April 2013. Plaintiffs also seek to retain an additional expert witness in the field of critical care.

4. On March 7, 2017, Bayhealth filed a Motion for Protective Order pursuant to Rule 26(c) of the Superior Court Civil Rules, and the Court conducted a hearing on the merits. Bayhealth contends that justice requires a protective order preventing Plaintiffs from conducting the requested discovery and enlisting an additional expert. Bayhealth asserts that Plaintiffs are impermissibly reopening discovery by attempting to obtain evidence that was available prior to the first trial. Bayhealth asserts that additional discovery will cause Bayhealth to suffer undue burden and expense. Plaintiffs oppose Bayhealth's Motion for Protective Order.

5.      Rule 26(c) of the Superior Court Civil Rules provides, in pertinent part:

> Upon motion by a party or by the person whom discovery is sought, and for good cause shown, the Court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

The burden is on the moving party to show "good cause" for a protective order to prevent undue burden or expense.[4] The decision of whether to issue a protective order pursuant to Rule 26(c) involves the application of discovery rules and is reserved to this Court's discretion.[5]

6.      In considering Plaintiffs' efforts to gather additional evidence, this Court is persuaded by the standards articulated by federal courts under similar procedural circumstances.[6] There is no statute or rule that prohibits a trial court from allowing a party to conduct additional discovery or designate a new expert in

---

[4] Super. Ct. Civ. R. 26(c).

[5] *See Alaska Elec. Pension Fund v. Brown*, 988 A.2d 412, 419 (Del. 2010); *Bryant ex rel. Perry v. Bayhealth Med. Ctr., Inc.*, 937 A.2d 118, 122 (Del. 2007); *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1106 (Del. 2006).

[6] The only state-specific case relied upon by either party is the 2008 Superior Court decision in *Barrow v. Abramowicz*, 2008 WL 495703 (Del. Super. Feb. 4, 2008). *Barrow* involves a request to reopen the evidentiary record following a successful appeal to the Delaware Supreme Court. *Id.* at *1. This Court notes that the analysis in *Barrow* is heavily predicated on the "law of the case" doctrine and the necessity to proceed in accordance with the Supreme Court's mandate on remand. *See id.* at *1–2. This Court relies on federal jurisprudence, in part, because of the distinguishable procedural context between *Barrow* and the current litigation.

4

anticipation of a second trial.[7] Rather, the Court's familiarity with the original trial and considerations for judicial economy provide significant latitude for the Court to allow or disallow new witnesses and evidence with adequate notice to each party.[8] As the United States District Court for the District of Delaware has stated, "[w]hether new evidence should be allowed at a retrial is within the exercise of a court's discretion as guided by considerations of fairness, including the need to avoid undue prejudice to either party."[9]

7.     In this case, Plaintiffs filed their notice of Rule 30(b)(6) depositions on February 10, 2017, shortly after the Court issued a new Trial Scheduling Order on January 17, 2017. In addition, by email dated February 15, 2017, Plaintiffs informed Bayhealth that Plaintiffs intend to enlist a new expert in the field of critical care.[10] Accordingly, the record reflects that Bayhealth was on notice of Plaintiffs' intent to collect additional evidence less than one month after the Court set applicable deadlines, and more than five months prior to the commencement of trial on July 17, 2017. Moreover, the requested discovery is relatively limited in

---

[7] *Yong ex rel. Yong v. Nemours Found.*, 432 F. Supp. 2d 439, 441 (D. Del. 2006).
[8] *See Habecker v. Clark Equp. Co.*, 36 F.3d 278, 288 (3d Cir. 1994); *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449–50 (10th Cir. 1993); *Fresno Rock Taco, LLC v. National Sur. Corp.*, 2014 WL 1664942, at *1 (E.D. Cal. Apr. 25, 2014); *Total Containment, Inc. v. Dayco Prods. Inc.*, 177 F. Supp. 2d 332, 338 (E.D. Pa. 2001).
[9] *McMillan v. Weeks Marine, Inc.*, 2008 WL 4442087, at *2 (D. Del. Sept. 30, 2008) (citing *Habecker*, 36 F.3d at 288).
[10] Def's Mot. Protect. Order, Ex. K at 1.

scope, and Plaintiffs have represented to the Court that Plaintiffs estimate that additional depositions will take no more than one day to complete. This Court finds that the discovery is reasonable and Plaintiffs' requests are timely. Bayhealth is on sufficient notice to prevent manifest injustice and ensure that fundamental notions of fairness are observed.

8.  It is axiomatic that "[v]irtually all evidence is prejudicial to one party or another."[11] Here, Bayhealth fails to establish that Bayhealth will suffer a burden from Plaintiffs' introduction of additional evidence beyond a generalized assertion relating to the inherent expense of adequately defending a wrongful death action involving allegations of medical negligence. Rule 26(c) requires Bayhealth to establish "good cause" for a protective order by demonstrating that the order is necessary to prevent "*undue* burden or expense."[12] This Court finds that Bayhealth has not carried this burden.

9.  Finally, this Court does not find that permitting Plaintiffs' additional discovery and expert is likely to result in undue prejudice or offend fundamental considerations of fairness.[13] During the first trial, the parties presented highly conflicting evidence regarding proximate cause, including contradicting testimony

---

[11] *Lecompte v. State*, 2016 WL 6519002, at *1 n.2 (Del. Nov. 2, 2016) (quoting 2 JOSEPH M. MCLAUHLIN, WEINSTEIN'S FEDERAL EVIDENCE § 403.04 [1] (2d ed. 2016)).

[12] Super. Ct. Civ. R. 26(c) (emphasis added).

[13] *See McMillan*, 2008 WL 4442087, at *2.

regarding the timing and effect of Bayhealth's post-surgical conduct on Mr. Rodriguez's death. In certain circumstances, witnesses testified to the significance of mere seconds to Mr. Rodriguez's survival. Plaintiffs' proposed discovery and additional expert pertain to the same issues of time and causation that were central to the first trial without raising new claims or theories of liability. Plaintiffs do not seek to introduce issues that Bayhealth's witnesses are unlikely to have contemplated. This Court finds that the potential for undue prejudice or burden arising from Plaintiffs' discovery is outweighed by the likelihood that the evidence sought will promote the truth-seeking function of trial that Delaware courts have regularly recognized.[14]

10. The timeliness and limited nature of Plaintiffs' requested discovery in conjunction with the specific issues that Plaintiffs seek to address minimize the potential for unfair prejudice or undue burden to Bayhealth. Bayhealth fails to show good cause under Rule 26(c) for an order preventing Plaintiffs from conducting the requested discovery or enlisting an additional expert. The exercise

---

[14] *Smith v. State*, 913 A.2d 1197, 1239 (Del. 2006); *Weber v. State*, 457 A.2d 674, 679 n.6 (Del. 1983); *OptimisCorp v. Waite*, 2015 WL 5147038, at *8 (Del. Ch. Aug. 26, 2015); *M & G Polymers USA, LLC v. Carestream Health, Inc*., 2010 WL 1611042, at *60 (Del. Super. Apr. 21, 2010). *See also* D.R.E. 611(a) ("The court shall exercise control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth . . . ."); Del. P.J.I. Civ. § 3.2 ("Justice through trial by jury always depends on the willingness of each juror to do two things: first, to seek the truth about the facts from the same evidence presented to all the jurors . . . .").

of this Court's discretion indicates that Bayhealth's Motion for Protective Order should be, and therefore is, denied.

**NOW, THEREFORE, this 20th day of April, 2017, Bayhealth's Motion for Protective Order is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

8