# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DELAWARE HUMAN AND CIVIL RIGHTS COMMISSION, | ) ) ) ) | |
| Plaintiff, *ex rel.* | ) ) | |
| MOHAMMED SEDGHI and PAULA BURKHARDT-SEDGHI, | ) ) ) | |
| v. | ) ) | C.A. No: S23C-04-004 MHC |
| SCHELL BROTHERS, LLC, and JONATHAN HORNER, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Submitted: July 14th, 2023
Decided: October 13, 2023

*Upon Defendants' Motion to Dismiss,*
**MOTION GRANTED IN PART AND DENIED IN PART.**

Elizabeth S. Fenton, Esquire, Ballard Spahr, LLP, 919 N. Market Street, 11th Floor, Wilmington, Delaware, 19081, Attorney for Plaintiff. Lila R. Miller, Esquire, Zoila E. Hinson, Esquire, David S. DePriest, Esquire, Relman Colfax, PLLC, 1225 19th Street NW, Washington, DC, 20036, *Pro Hac Vice*, Attorneys for Plaintiff.

David C. Hutt, Esquire, R. Eric Hacker, Esquire, Morris James, LLP, 107 W. Market Street, Georgetown, Delaware 19947-1438. Kelly E. Farnan, Esquire, Puja Upadhyay, Esquire, Richards, Layton, & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attorneys for Defendants.

**CONNER, J.**

## INTRODUCTION

Before the Court is the Motion of Schell Brothers, LLC ("Schell Brothers") and Jonathan Horner, General Counsel for Schell Brothers, (collectively "Defendants"), to Dismiss. The Delaware Human and Civil Rights Commission (the "Commission") originated this action on behalf of Mohammed Sedghi and Paula Burkhardt-Sedghi, a married couple. The Complaint was brought for unlawful discrimination under the Delaware Fair Housing Act. Defendants move to have the Complaint dismissed for lack of standing and failure to commence the action promptly.

## FACTUAL AND PROCEDURAL HISTORY

On November 20, 2020, Mr. and Mrs. Sedghi entered into an agreement to purchase a new home from Schell Brothers in one of it's communities in Selbyville, Delaware. The Sedghi's made a 10% downpayment of $82,926 to secure the purchase. On April 19, 2021, Mr. Sedghi spoke on the phone with Mr. Horner to seek clarification about an addendum in the home purchase agreement ("Purchase Agreement"). Mr. Horner did not answer Mr. Sedghi's questions and instead allegedly threatened to terminate the Purchase Agreement pursuant to a provision included therein which gave Schell Brothers the power to unilaterally terminate the Purchase Agreement at any time with anyone who does not fit within the

2

"community, culture, or operations." After hearing this threat, Mr. Sedghi advised he would exercise his fair housing rights. This caused Mr. Horner to terminate the Purchase Agreement, allegedly stating "I know your kind of people. I know how you people are."

Mr. Horner followed up with an email confirming the termination of the Purchase Agreement, noting that it was in part occurring because Mr. Sedghi stated he would sue Schell Brothers. Mr. Sedghi still wanted to purchase the home so he decided to agree to the addendum he originally questioned and made numerous requests to Schell Brothers to reconsider the Purchase Agreement. Schell Brothers refused the requests to reconsider and Mr. Horner also refused to return the Sedghi's downpayment unless the Sedghi's agreed not to pursue litigation.

On May 28, 2021, Mr. and Mrs. Sedghi filed a complaint with the Delaware Division of Human and Civil Rights (the "Division") and United States Department of Housing and Urban Development. The Sedghi's allege Defendants violated their rights under the Delaware Fair Housing Act ("DFHA") and federal Fair Housing Act ("FHA") by refusing to sell them the property they had contracted to purchase and by retaliating against them for asserting their fair housing rights. The Sedghi's further allege Defendants discriminated against them based on Mr. Sedghi's religion and national origin. The Division investigated the claims and issued a charge ("Charge") pursuant to 6 *Del. C.* §4610(f)(2).

On August 11, 2022, pursuant to 6 *Del. C.* § 4612(a), Defendants elected to have the claims asserted in the Charge decided in a civil action. Thus, the Commission brought this claim against Defendants for violating 6 *Del. C.* §§4603(b)(1), (2), and (3), 4604(a) and 4618.

## STANDARD OF REVIEW

Superior Court Rule 12(b)(6) permits the Court to dismiss an action for failure to state a claim upon which relief can be granted.[1] The Court must accept all well-pleaded allegations contained in the complaint as true and draw all inferences in a light most favorable to the plaintiff.[2] A complaint will only be dismissed if it appears "with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief."[3]

Title 6, Section 4601 of the Delaware Code establishes the lens through which the DFHA actions should be viewed. Particularly, §4601(b) instructs that the DFHA shall be "liberally construed to the end that its purposes may be accomplished and all persons may fully enjoy equal rights and access to housing for themselves and their families."[4]

---

[1] *Gray's Landing Dev., LLC v. Blackston Cove Dev., LLC*, 2023 WL 2609633, at *2 (Del. Super. Mar. 21, 2023).
[2] *Thomas v. Capano Homes Inc.*, 2015 WL 1593618, at *2 (Del. Super. Apr. 2, 2015).
[3] *Id.*
[4] 6 *Del. C.* § 4601(b).

4

## I.    Failure to Promptly Commence

Defendants argue the Complaint should be dismissed because it was not timely filed, stressing the "promptly commenced" language of 6 *Del. C.* §4612(n)(3). Defendants challenge that Plaintiffs did not promptly commence the action because there was an approximate nine-month delay between the issuance of the Charge and the filing of the Complaint and Praecipe.

Plaintiffs assert they promptly commenced the action once the appropriate procedural steps were taken. When the Commission authorizes a civil action, the action must be immediately referred to the Attorney General.[5] The Attorney General then has 30 days to pursue the civil action on behalf of the Commission in the names of the aggrieved person or persons.[6] However, if the Attorney General has a conflict of duty, the Commission shall employ special counsel to pursue the action.[7] Once the special counsel is retained, the action shall be promptly commenced.[8]

In the matter before the Court, the Attorney General had a conflict of duty, therefore the DFHA required the retention of special counsel to proceed with the action. The Commission retained special counsel on February 10, 2023, and local

---

[5] 6 *Del. C.* § 4612(n)(1).
[6] 6 *Del. C.* § 4612(n)(2).
[7] 6 *Del. C.* § 4612(n)(3).
[8] *Id.*

Delaware counsel on March 21, 2023. The Commission then filed the Complaint on April 6, 2023. Due to a clerical error admitted by Plaintiffs, the accompanying Praecipe was not filed until May 19, 2023. Superior Court Rule 3(a) and Delaware case law make it clear that an action is not officially commenced until the plaintiff files both the Complaint and Praecipe, which puts "the judicial machinery in motion."[9]

Although the Plaintiffs did not file the Praecipe until May 19, 2023, the time between the retention of the special counsel and the official commencement of the action was less than two months. There is nothing contained in the DFHA that states an action cannot proceed if initiated after a certain time period. The language simply reads, "such action shall be commenced promptly after the Commission employs such counsel."[10] Defendants failed to demonstrate a set of circumstances in which Plaintiffs could not be entitled to relief. Rather, defendants simply argued a nine-month delay between the Commission referring the action to the Attorney General and the filing of the Complaint is violative of time limits. However, Defendants fail to acknowledge the Attorney General's conflict of duty and the time it took to retain the required special counsel. The Court is satisfied the action was promptly

---

[9] Sup. Ct. Civ. R. 3(a); *see also Russell v. Olmedo*, 275 A.2d 249, 250 (Del. 1971).
[10] 6 *Del. C.* 4612(n)(3).

commenced after special counsel was retained.  As such, Defendants' Motion to Dismiss for failure to promptly commence the action is **DENIED.**

## II.     Lack of Standing

Defendants argue that because the Division never issued a charge on behalf of Mrs. Burkhardt-Sedghi the Commission lacks standing to bring the Complaint on her behalf.  Defendants further argue the Complaint regarding Mrs. Burkhardt-Sedghi must be dismissed as there was a lack of notice.

Plaintiffs argue the Commission has standing to bring an action on behalf of an "aggrieved person or persons"[11] and that Mrs. Burkhardt-Sedghi is an aggrieved person because she is associated with her husband and was injured as a result of the discriminatory housing practice.  Plaintiffs further argue Defendants were on notice because the same facts apply to both Mrs. Burkhardt-Sedghi's claims and Mr. Sedghi's claims.

When a charge is issued pursuant to §4610, a complainant, respondent or an "aggrieved person on whose behalf the complaint was filed, may elect to have the claims of that charge" decided in a civil action under §4612(n).[12]  When such an election is made, §4612(n)(1) commands the Commission to authorize a civil action

---

[11] 6 *Del. C.* § 4612(n)(1).
[12] 6 *Del. C.* § 4612(a).

7

on behalf "the aggrieved person or persons."[13] A civil action pursuant to §4612(n) cannot occur without an election pursuant to §4612(a). Section §4612(a) requires the complaint to be filed on behalf of "an aggrieved person." Mr. Sedghi is the only person on whose behalf the charge was filed. Therefore, the Commission only has standing to authorize a civil action on his behalf, not for Mrs. Burkhardt-Sedghi since no complaint was filed on her behalf.

Plaintiffs argue this interpretation of the DFHA is "nonsensical" and "creates a bizarre asymmetry" because it theoretically allows Mrs. Burkhardt-Sedghi to subsequently intervene in this civil action pursuant to §4612(n)(4) but does not allow the Commission to authorize a civil action on her behalf. The Court agrees, but it is nonetheless the law established in the DFHA. As stated above, the language of §4612(n)(1) limits the claims parties may elect to have decided in a civil action to those listed in the charge. It does not, however, limit the charges that may be decided in the civil action. Therefore, nothing in this order precludes Mrs. Burkhardt-Sedghi from subsequently intervening in this suit pursuant to §4612(n)(4).

Because the Commission lacks standing to assert claims in their Complaint on behalf of Mrs. Burkhardt-Sedghi the Court need not address the issue of notice.

---

[13] 6 *Del. C.* § 4612(n)(1).

Accordingly, Defendants Motion to Dismiss regarding a lack of standing on behalf of Paula Burkhardt-Sedghi is **GRANTED.**

## CONCLUSION

As discussed above, Defendants' Motion to Dismiss is **DENIED** as to the promptly commenced argument and **GRANTED** as to Paula Burkhardt-Sedghi's Standing claims.

**IT IS SO ORDERED.**

/s/ Mark H. Conner

Mark H. Conner, Judge

cc: Prothonotary

9