# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SYKEMA YOUNG,         )
                           )
     Appellant,        )
                           )
     v.                )    C.A. No. N21A-10-004 JRJ
                           )
CHRISTIANA CARE AND   )
UNEMPLOYMENT INSURANCE )
APPEAL BOARD,          )
                           )
     Appellees.       )
                           )

Date Submitted:   February 28, 2022
Date Decided:     May 10, 2022
Date Corrected:   May 10, 2022*

## <u>MEMORANDUM OPINION</u>

*Upon Sykema Young's Appeal from Decision and Order of the Unemployment Insurance Appeal Board*
**DENIED**

Sykema Young, *pro se*, Appellant.

Emily K. Silverstein, Esquire, of White and Williams, LLP, 600 N. King Street, Suite 800, Wilmington, DE 19801, Attorney for Appellee, Christiana Care.

Victoria Groff, Esquire, Department of Justice, 820 N. French Street, Wilmington, DE 19801, Attorney for Appellee, Unemployment Insurance Appeal Board.

*The court corrected a typographical error in the caption to change Appellee to the plural Appellees.

**Jurden, P.J.**

# I. INTRODUCTION

Appellant Sykema Young (hereinafter "Appellant") files this appeal from an Unemployment Insurance Appeal Board's (the "Board") decision denying her petition for unemployment benefits. For the reasons explained below, the Court finds the Board's decision is supported by substantial evidence and free from legal error. Accordingly, the Board's decision is **AFFIRMED**.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Appellant began her employment with Christiana Care Hospital Systems ("CCHS") as a patient physician access specialist in August 2008.[1] On June 11, 2020, while employed full-time as a member of the CCHS Guest Services team, Appellant resigned from her position, informing CCHS that June 26, 2020 was going to be her last day of employment.[2] Specifically, Appellant submitted a formal letter of resignation to her supervisor, Sandy Farrell, thanking her for the opportunity to work for CCHS Guest Services.[3] The letter did not give a specific reason for her resignation, but Appellant generally indicated she was "excited by the new opportunities that [she] will be pursuing," and she would "always remember [her] time [at CCHS] with affection."[4]

---

[1] R24. Citations beginning with "R" refer to the pages of the record that was submitted by the Unemployment Insurance Appeal Bard in this case. Record & Transcript (Trans. ID. 67128967).
[2] R9.
[3] *Id.*
[4] *Id.*

On June 28, 2020, Appellant filed for unemployment benefits with the Delaware Department of Labor.[5] On October 29, 2020, a Claims Deputy concluded Appellant was disqualified from receiving unemployment benefits because she voluntarily resigned from CCHS, and Appellant failed to demonstrate "just cause" for the resignation in connection with her employment.[6]

On January 19, 2021, Appellant appealed the Claims Deputy's decision. The Delaware Department of Labor scheduled Appellant for a hearing to consider the merits of her appeal on February 16, 2021.[7] However, Appellant failed to appear at the hearing, and on February 19, 2021, an Appeals Referee dismissed Appellant's appeal because of her failure to prosecute the claim.[8]

On March 16, 2021, Appellant appealed the Appeals Referee's February 19, 2021 dismissal, claiming she did not receive timely notice of the date and time of the hearing.[9] On April 1, 2021, The Board granted Appellant's appeal, and Appellant's appeal was rescheduled for a hearing on April 22, 2021.[10]

On April 22, 2021, an Appeals Referee presided over a *de novo* hearing.[11] During the hearing, Appellant testified at the time she was employed by CCHS, she

---

[5] R1.
[6] *Id.*
[7] R5.
[8] R10.
[9] R12-13.
[10] R14-16.
[11] *See* R18-58.

had custody of two grandchildren, one of which was "school age," and the other was four years old.[12] Due to the COVID pandemic, the respective school and daycare Appellant's grandchildren attended shuttered.[13] From April 6, 2020 to June 12, 2020, CCHS provided childcare assistance to Appellant, but on June 12, 2020, that benefit expired.[14] As a result, Appellant bore the primary responsibility of supervising and caring for her grandchildren, which made working her customary CCHS schedule impractical.[15] Appellant explained that she "didn't really have a good support – reliable support system" to help care for her grandchildren.[16] The school and daycare closings affected Appellant's ability to work, so she voluntarily resigned from CCHS and moved to Georgia.[17] At no point before resigning did Appellant request CCHS modify her work schedule, request an accommodation, or seek any other assistance from CCHS which would have allowed her to maintain her position and remain in Delaware.[18] She simply resigned.

---

[12] R29.

[13] *Id.*

[14] R30.

[15] R31.

[16] R30.

[17] R32. Appellant explains that she had family members in Georgia who could assist with the care of the grandchildren as well as provide a better support system.

[18] R42, R46-47. Appellant testified that she submitted a second letter to CCHS' Human Resources Department, elaborating on the fact that she was relocating due to the impact Covid had on her family and work responsibilities. R34. Appellant's supervisor, Sandy Farrell, testified to the following: (1) she recalled receiving Appellant's resignation letter; (2) if Appellant had brought her childcare issues to her attention, she would have tried to craft a work schedule to accommodate Appellant's needs; (3) she wrote Appellant a letter of recommendation for future employment; (4) there were incidents during the Covid pandemic when Appellant had "some complications with

On May 3, 2021, the Appeals Referee affirmed the decision of the Claims Deputy, denying Appellant unemployment benefits.[19] The Appeals Referee concluded that Appellant did not demonstrate "good cause" for resigning from CCHS, and her reasons for resigning were not attributable to her work or employment.[20] Specifically, the Appeals Referee concluded:

> Here, it is clear from the testimony that Appellant's separation came about after she resigned to care for her grandchildren, who were out of school due to the pandemic.
>
> Appellant argues that she was forced by the realities of the pandemic to resign and had [n]o desire to quit her job. While the tribunal understands Appellant's decision and frustration, it must agree that the argument lacks credibility. Resigning one's job to provide care for your children is a personal reason to do so, and absent any medical substantiation requiring such care, does not provide good cause to resign. Furthermore, Appellant did not argue that issues existed with her job that she sought to address with proper notice to Employer. As such, the tribunal decides that the Appellant's voluntary quit from Employer was without good cause.[21]

On May 3, 2021, a copy of the Appeals Referee's decision was mailed to Appellant.[22] The decision noted the final day for Appellant to file an appeal was May 13, 2021.[23] On May 14, 2021, the Board received Appellant's appeal.[24]

---

adequate child care; and (5) Appellant never brought to her attention the desire to remain at CCHS and attempt to change her hours to accommodate her scheduling challenges.

[19] R59-60.

[20] R59-61.

[21] R60-61.

[22] R62.

[23] R59.

[24] R63.

5

On June 2, 2021, the Board convened a telephonic hearing and concluded Appellant's appeal was untimely.[25] While the Board could have exercised discretion to extend the time to file the appeal, it did not find a valid reason for doing so.[26] The Board noted Appellant did not present any evidence of severe circumstances which impeded her ability to timely appeal the decision, and the Board did not find any evidence of departmental error.[27]

On July 1, 2021, the Board mailed its decision to Appellant. On July 11, 2021, the Board's decision became final.[28] Appellant's deadline to file an appeal to this Court was ten days after the Board's decision became final – July 21, 2021.[29]

On July 19, 2021, Appellant emailed the Board challenging its denial of the appeal.[30] On July 21, 2021, this Court received, but had not yet docketed, Appellant's Notice of Appeal. The Notice of Appeal was ultimately docketed October 12, 2021.[31]

## III. STANDARD OF REVIEW

The Court reviews a decision of the Board for legal error and to determine whether the Board's factual findings are supported by substantial evidence in the

---

[25] R65-66.
[26] R66.
[27] *Id.*
[28] *Id.*
[29] R68.
[30] R70.
[31] Notice of Appeal (Trans. ID 6708618).

record.[32]  When reviewing an appeal from a decision of the Board, the Court's role "is limited to a determination of whether there was substantial evidence sufficient to support the findings of the board."[33]  "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[34] The Court does not weigh evidence or make credibility determinations.[35]  Therefore, "[a]bsent an error of law, the Board's decision will not be disturbed where there is substantial evidence to support its conclusions."[36]  Conclusions of law are reviewed *de novo*.[37]

The Court "will not substitute its judgment for that of an administrative body where there is substantial evidence to support the decision and subordinate findings of the agency."[38]  Additionally, the Board's discretionary rulings "will not be

---

[32] *Anderson v. Unemployment Ins. Appeal Bd.*, 2021 WL 1986570, at * 2 (Del. Super. Ct. May 13, 2021) (citations omitted) (quoting *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. Ct. July 7, 2011)).

[33] *Stewart v. Christiana Care Health Servs.*, 2021 WL 6109795 at *2 (Del. Super. Ct. 2021) (quoting *Crews v. Sears Roebuck & Co.*, 2011 WL 2083380 at *2 (Del. Super. Ct. 2011)) (internal quotation marks omitted) (citing *Unemployment Ins. Appeals Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975)).

[34] *Brown v. Parker's Express, Inc.,* 2016 WL 6156183, at *1 (Del. Oct. 21, 2016) (quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[35] *Anderson*, at * 2 (Del. Super. Ct. May 13, 2021) (citing *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. Ct. July 29, 2011)).

[36] *Id.* (quoting *Spangler v. Unemployment Ins. Appeal Bd.*, 2016 WL 1613232 at *2 (Del. Super. 2016)).

[37] *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).

[38] *Hellstern v. Culinary Servs. Grp.*, 2019 WL 460309, at 10 (Del. Super. Ct. 2019) (quoting *Christiana Care Health Sys., VNA v. Taggart*, 2004 WL 692640 at *10 (Del. Super. 2004)).

disturbed on appeal unless [they are] based on clearly unreasonable or capricious grounds."[39]

## IV. PARTIES' CONTENTIONS

### a. The Employer's Contentions

CCHS first contends that Appellant's appeal to this Court may have been untimely filed, barring further review. The Board mailed its decision denying Appellant's appeal on July 1, 2021. On July 11, 2021 the Board's decision became final. Pursuant to 19 *Del. C.* § 3323(a), Appellant had ten days to file an appeal in this Court. Because the Superior Court docket does not indicate the date in July 2021 when the Court received Appellant's appeal, CCHS argues it is possible the appeal is statutorily barred. If so, the Board decision becomes final, not subject to further review.

Alternatively, if Appellant timely filed her appeal in this Court, CCHS contends the decision of the Board "should be affirmed because substantial evidence supports the Board's conclusion, and the Board did not abuse its discretion in declining to *sua sponte* hear the appeal."[40] CCHS argues Appellant's appeal of the Appeals Referee's decision was untimely filed pursuant to 19 *Del. C.* § 3318(c), which required Appellant to file the appeal within 10 calendar days of the issuance

---

[39] *Id.* (quoting *Christiana Care Health Sys.,* 2004 WL 692640 at *10).
[40] Appellee Christiana Care Hospital Systems' Answering Brief in Opposition to Appellant's Appeal, (Trans. ID. 67226185). R11.

8

of the Appeals Referee's decision.[41] And, there was no evidence of administrative error or severe circumstances sufficient for the Board to exercise its discretionary power to allow an otherwise untimely appeal.[42] CCHS argues that the Board correctly determined that Appellant's appeal was untimely, and the Board's decision is free from legal error.

### b. The Board's Contentions

Similar to CCHS's arguments, the Board asserts that Appellant's appeal to this Court may have been untimely filed.[43] The Board's decision to deny Appellant benefits was mailed on July 1, 2021; therefore, the Board's decision became final on July 11, 2021. Pursuant to 19 *Del. C.* § 3323(a), Appellant had ten days to file a Notice of Appeal to this Court.[44] The Court's docket generally indicates Appellant's appeal was received in July 2021, but the date the Notice of Appeal was received is unknown.[45] If Appellant's appeal was untimely filed, the Board's decision becomes final, not subject to further review.

Second, the Board asserts its decision to deny Appellant's appeal is proper because her May 14, 2021 appeal to the Board was untimely filed.[46] The Board did

---

[41] *Id.*

[42] R12.

[43] *See* R1.

[44] *Id.* Title 19 Delaware Code Section 3323(a) provides, "[w]ithin 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court …."

[45] *Id.*

[46] R2.

not find evidence of administrative error or circumstances to permit the Board to exercise its discretionary power, thus the Board did not abuse its discretion in denying to accept the untimely appeal.[47]

### c. The Employee's Contentions

Appellant's appeal to this Court essentially restates her May 14, 2021 appeal of the Appeals Referee's decision to the Board.[48]  In that appeal, Appellant asserted the Appeals Referee's decision to deny unemployment insurance benefits was erroneous because the Appeals Referee based his decision on false information -- that Appellant was employed in the State of Georgia when she filed for unemployment benefits in Delaware, and she was ineligible for unemployment benefits on that basis.[49]

Appellant did not address the sole reason why the Board denied the appeal – that it was untimely filed.[50]  She does not argue the appeal was in fact timely, that there was an excusable delay in failing to timely file the appeal, or that another valid reason exists for the Board to exercise its discretion to consider the merits of the (untimely) appeal.

---

[47] *Id.*
[48] *See generally* Appellant's Opening Brief (Trans. ID. 67176906).
[49] *Id.*
[50] *Id.*

## V.  DISCUSSION

**A. Appellant's Appeal to This Court was Timely.**

Both the Employer and the Board agree that the last day for Appellant to timely file an appeal to this Court was July 21, 2021.  After an administrative inquiry, the Deputy Prothonotary determined that on July 21, 2021, Appellant's appeal was received by the Prothonotary through USPS and clocked in the mailroom.[51]  Further, that on July 22, 2021, the Prothonotary reviewed and rejected Appellant's filing, and returned the original documents to Appellant.[52]  The Prothonotary rejected the filing because Appellant's filing was incomplete – Appellant failed to submit the Notice ("Petition of Appeal") and the Case Information Sheet.[53]  Unfortunately, when the documents were returned to Appellant with a Notice of Non-conforming Documents, the Court did not provide Appellant a deadline to respond, explain or otherwise correct the filing.[54]  Appellant emailed the Prothonotary on September 7, 2021, but the case information sheet remained defective.  Thereafter, the Prothonotary conducted an internal administrative review, which resulted in the Prothonotary accepting and uploading Appellant's filing on October 12, 2021.[55]

---

[51] *See* Ex. A to *Nunc Pro Tunc* Order entered on May 10, 2022.
[52] *Id.*
[53] *Id.*
[54] *Id.*
[55] *Id*.  The Prothonotary notated in the Docket that Appellant's paperwork was originally submitted to the Court in July 2021. *See* Notice of Appeal ("Notice of appeal filed conventionally in July. Final paperwork with corrections submitted October 12, 2021.") (Trans. ID. 67008618).

11

Under these circumstances, the Court concludes that Appellant timely filed her appeal to the Court on July 21, 2021. Additionally, any delay thereafter to timely correct the filing is attributed to the Court in failing to advise Appellant of a deadline to submit the corrected documentation to perfect the appeal. In other words, Prothonotary staff failed to provide Appellant with a deadline to submit the corrected paperwork. Accordingly, the timeliness of, and circumstances surrounding, Appellant's appeal are excusable as a ministerial error attributable to the Court.[56]

### b. Appellant's Untimely Appeal.

Pursuant to 19 *Del. C.* § 3318(c), a Board's decision is "deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal is initiated pursuant to [19 *Del. C.*] § 3320 of this title."[57] The Appeals Referee's determination will be deemed final if the Appellant fails to file an appeal within the statutory deadline. It is undisputed that the Appeals Referee's decision was mailed on May 3, 2021. It is also undisputed that the Appellant had until May 13, 2021 to file an appeal of the Appeals Referee's decision. Appellant did not file

---

[56] Pursuant to Administrative Directive No. 2007–6, if an electronic filing is not filed with the Prothonotary because it is rejected, "the Court may upon satisfactory proof enter an Order permitting the document to be filed or served *nunc pro tunc* to the date it was first attempted to be sent electronically." *See* Superior Court Administrative Directive No. 2007-6 (10); *Bryant v. Bayhealth Medical Center, Inc.*, 937 A.2d 118, 123 (Del. 2007) (holding that the rationale authorizing a *nunc pro tunc* order to remedy a rejection by the Prothonotary of e-Filings was equally applicable to rejected paper filings.) By Order dated May 10, 2022, the Court finds that Appellant's Notice of Appeal was filed *nunc pro tunc* on July 21, 2021.

[57] 19 *Del. C.* § 3318(c).

an appeal until May 14, 2021. Appellant's appeal falls outside the ten day statutory period, and thus is untimely.

Finally, the Board has the inherent power to exercise its discretion to accept an untimely request for an appeal, and its decision not to do so here was not an abuse of discretion. As noted by the Board, it rarely accepts an untimely request for an appeal, and the Board identified two circumstances where it has done so in the past: (a) an administrative error by the Department of Labor prevents an untimely appeal or (b) the Board finds the totality of the circumstances show the interests of justice require action by the Board.[58]

Here, Appellant filed her appeal to the Board on May 14, 2021, and has not identified any impediment, administratively created or otherwise, to explain why the appeal was not timely filed.[59] Additionally, Appellant has not identified circumstances which warrant the Board to exercise its discretion.[60] Appellant's untimely appeal was denied by the Board, and the Appeals Referee's Decision remains final and binding.

---

[58] R66.

[59] See *Hansen*, 2011 WL 3248288 at *3 (In *Hansen*, the Court affirmed the Board's decision that Appellant's appeal was untimely filed, noting Appellant did not "contend that there was any error made by the DOL that impeded his ability to file a timely appeal to the Claim Deputy's determination" and there was "no evidence of departmental error. . ..").

[60] *Id.*

13

## VI. CONCLUSION

The Board's decision to deny Appellant's appeal is supported by substantial evidence and is free from legal error. Appellant failed to timely appeal to the Board. The Board applied the correct legal standard and did not abuse its discretion in declining to review Appellant's untimely appeal. Appellant's appeal is therefore **DENIED**.

**IT IS SO ORDERED**.

/s/ Jan R. Jurden

Jan R. Jurden, President Judge

cc:  Prothonotary