**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted: December 14, 2022
Date Decided: December 15, 2022

Marin D. Haverly, Esquire
MARTIN D. HAVERLY,
ATTORNEY AT LAW
2500 Grubb Road Suite 240-B
Wilmington, Delaware 19810

Jessica C. Watt, Esquire
Margaret A. Vesper, Esquire
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801

Joseph Gutmann, Esquire
NATHAN & KAMIONSKI LLP
100 Duffy Avenue, Suite 520
Hicksville, New York 11801

Justin Kerner, Esquire
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, New Jersey 08054

RE: *Suburban Medical Services et al. v. Brinton Manor Center et al.*
C.A. No. N22C-03-238 PRW CCLD
Plaintiffs' Motion to Compel & Motion to Deem Admitted

Dear Counsel:

This Letter Order—in addition to the Court's admonitions and instructions at yesterday's hearing—resolves Plaintiffs' Motion to Compel certain interrogatories and Requests for Production and Plaintiffs' Motion to Deem Admitted certain Requests for Admission.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Suburban Medical Services, LLC, d/b/a Omnicare of King of Prussia, and ASCO Healthcare, LLC, d/b/a Omnicare of Annapolis Junction (collectively "Omnicare"), and certain healthcare facilities (collectively the "Facility

Defendants") entered into a series of contracts between July 2018 and October 2018 where Omnicare provided pharmaceutical services for payment.[1]  These contracts were to run for one year and then were to automatically renew successively in one-year increments.[2]

The contracts provided that Omnicare was required to submit monthly invoices, which would be paid within 60 days; the contracts also provided mechanisms for disputing these invoices.[3]

Omnicare terminated the contracts with the Facility Defendants because Omnicare alleged the Facility Defendants failed to pay for goods provided and services rendered.[4]

Plaintiffs served the Facility Defendants and Defendant Vita Healthcare Group LLC ("Vita" and collectively with the Facility Defendants, "Defendants") their First Set of Interrogatories, First Set of Requests for Admission ("RFA") and First Set of Requests for Production ("RFP").[5]  Defendants served their initial

---

[1]  Am. Compl. ¶¶ 22-23, July 6, 2022 (D.I. 14).

[2]  *Id.* ¶¶ 23-24.

[3]  *Id.* ¶¶ 25-27.

[4]  *Id.* ¶¶ 29-30.

[5]  Mot. to Compel ¶ 2, Oct. 21, 2022 (D.I. 25); Mot. to Deem Admitted ¶ 2, Oct. 21, 2022 (D.I. 26).

objections and responses.[6]  Plaintiffs sent a deficiency letter,[7] to which Defendants

responded.[8]   And Plaintiffs, in turn, replied.[9]   Thereafter, the parties met and

conferred.[10]

After the meet-and-confer, Defendants supplemented and amended their

responses.[11]

Plaintiffs allege Defendants' supplements and amendments are still

insufficient.[12]   Accordingly, Plaintiffs have: (i) moved to compel answers to two

interrogatories and 19 RFPs; and (ii) moved to have certain RFAs deemed admitted.

## II.  STANDARD OF REVIEW

### A. MOTIONS TO COMPEL

Delaware Superior Court Civil Rule 26 governs the scope of discovery, and

provides as follows:

> Parties may obtain discovery regarding any matter, not privileged,
> which is relevant to the subject matter involved in the pending action,
> whether it relates to the claim or defense of the party seeking discovery
> or to the claim or defense of any other party, including the existence,

---

[6]   Mot. to Compel ¶ 4.

[7]   *Id.* ¶ 5.

[8]   *Id.* ¶ 6.

[9]   *Id.* ¶ 7.

[10]   *Id.* ¶ 8.

[11]   *Id.* ¶ 9.

[12]   *Id.* ¶ 10.

> description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.[13]

The scope of discovery under Rule 26 "is broad and far-reaching."[14] For our courts have recognized "the purpose of discovery is to advance issue formulation, to assist in fact revelation, and to reduce the element of surprise at trial."[15]

"In evaluating a motion to compel discovery, the Court determines whether the discovery sought is reasonably calculated to lead to admissible, non-privileged evidence."[16] "The scope of permissible discovery is broad, therefore objections to discovery requests, in general, will not be allowed unless there have been clear abuses of the process which would result in great and needless expense and time consumption. The burden is on the objecting party to show why the requested

---

[13] Del. Super. Ct. Civ. R. 26(b)(1) (2022).

[14] *Woodstock v. Wolf Creek Surgeons, P.A.*, 2017 WL 3727019, at *6 (Del. Super. Ct. Aug. 30, 2017) (citing *Levy v. Stern*, 1996 WL 742818, at *2 (Del. Dec. 20, 1996) ("pretrial discovery rules are to be afforded broad and liberal treatment" (citation omitted))).

[15] *Levy*, 1996 WL 742818, at *2 (citation omitted).

[16] *Hunter v. Bogia*, 2015 WL 5050648, at *2 (Del. Super. Ct. July 29, 2015) (citing Del. Super. Ct. Civ. R. 26(b)(1) & *Alberta Sec. Comm'n v. Ryckman*, 2015 WL 2265473, at *9 (Del. Super. Ct. May 5, 2015)).

information is improperly requested."[17]

## B. MOTIONS TO DEEM ADMITTED

Under Rule 36,

> [a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

> \*          \*          \*

> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it. . . .[18]

Under this Rule, the Court "may order . . . that [a certain inquired-of] matter

---

[17] *Prod. Res. Grp., L.L.C. v. NCT Grp., Inc.*, 863 A.2d 772, 802 (Del. Ch. 2004) (citations and internal quotation marks omitted).

[18] Del. Super. Ct. Civ. R. 36(a).

is admitted. . . ."[19]  "The purpose of a request for admissions is not to deprive a party of a decision on the merits."[20]  "Rather, 'the purpose of Rule 36 is to facilitate the proof at trial by eliminating facts and issues over which there is little dispute, but which are often difficult and expensive to prove. Requests for admission should not be used to establish the ultimate facts in issue.'"[21]

## III. DISCUSSION

### A. PLAINTIFFS' MOTION TO COMPEL

Plaintiffs seek to compel Defendants to: (i) answer Interrogatory 2; (ii) amend their responses to RFP Nos. 1-19; and (iii) answer Interrogatory 3.[22]  In addition, Plaintiffs seek fees in connection with bringing this motion.[23]

#### 1. Interrogatory 2

Defendants contend the interrogatory amounts to an "attempt[] to discover Defendants' counsel's mental impressions, conclusions, opinions, and/or legal

---

[19]   Del. Super. Ct. Civ. R. 36(a).

[20]   *Bryant ex rel. Perry v. Bayhealth Med. Ctr., Inc.*, 937 A.2d 118, 126 (Del. 2007) (citing Del. Super. Ct. Civ. R. 36(b)).

[21]   *Sweiger v. Del. Park, LLC*, 2013 WL 12348860, *2 (Del. Super. Ct. Dec. 20, 2013) (quoting *Thorton v. Meridian Consulting Eng'rs, Del., LLC*, 2006 WL 2126291, at *2 (Del. Super. Ct. Feb. 13, 2006)).

[22]   Mot. to Compel ¶ 12.

[23]   *Id.* at 10.

theories . . . ."[24]  Moreover, Defendants allege "Plaintiffs provide no legal support for their contention that they are entitled to propound any request to Defendant and then subsequently demand that Defendants show their work for each and every response to those requests."[25]

Generally, "[i]n Delaware, it is settled law that the Court should only direct an interrogatory to be answered if the interrogatory seeks legitimately relevant information, does not annoy and oppress unjustly, and the party has made a showing of the need for the information sought by the interrogatory."[26] Too, "[p]laintiffs are entitled to full interrogatory responses, including the factual and legal bases of defendants' affirmative defenses."[27]

What Plaintiffs seek is an answer to what otherwise is a routine question – *i.e.*, why can't you give an unqualified admission to the request for admission? Defendants posit: the "interrogatory is over-broad, vague, unduly burdensome, disproportionate to the needs of the case, and inappropriate because it assumes that

---

[24]   Response to Mot. to Compel ¶ 7, Nov. 28, 2022 (D.I. 33).

[25]   *Id.* ¶ 8.

[26]   *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 623 A.2d 1099, 1105 (Del. Super. Ct. 1991) (citing *Williams v. Hall*, 176 A.2d 608, 616 (Del. Super. Ct. 1961)).

[27]   *Dawson v. Pittco Cap. P'rs, L.P.*, 2010 WL 692385, at *1 (Del. Ch. Feb. 15, 2010).

Defendant's objections to Plaintiff's Request for Admissions are unfounded."[28]

At bottom, Defendants assert a blanket objection under attorney-client privilege, breadth, vagueness, burden, and/or proportionality grounds. While theoretically some parts of a responsive answer could implicate certain attorney-client privilege, such an answer cannot be entirely barred by such an unfocused invocation of privilege as was made here. When asked via letter whether Defendants were going to produce a privilege log, Defendants responded: "In retrospect, there is no need to provide a Privilege Log as there are no responsive documents other than documents already provided by Plaintiffs."[29] So, Defendants have not produced a privilege log, and have now decided they are not planning to produce a privilege log.

Defendants cannot object on generalized privilege grounds, fail to produce any specifics, a privilege log (or the like), and then rest on boilerplate responses alluding to attorney-client privilege.[30] Additionally, the routine interrogatory posed

---

[28]  D.I. 25, Ex. A, Interrogatory No. 2 Answer.

[29]  D.I. 25, Ex. C at 3 (September 6, 2022 Letter from Defendants to Plaintiffs).

[30]  *See In re Oxbow Carbon LLC Unitholder Litig.*, 2017 WL 959396, at *2 (Del. Ch. Mar. 13, 2017) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all" (quoting *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) and citing cases); *Hammer v. Howard Med., Inc.*, 2017 WL 1179878, at *1 (Del. Super. Ct. Feb. 14, 2017) ("Plaintiff was not justified in failing to answer the interrogatories; boiler plate objections on lack of relevancy or claiming the question to be 'not applicable' are improper.").

does not appear to be overbroad, vague, unduly burdensome, or disproportionate, but even if it is, Defendants have made no real attempt to answer it.

Accordingly, Plaintiffs' Motion to Compel a meaningful and responsive answer to Interrogatory No. 2 is **GRANTED**.

### 2. RFP Nos. 1-19

Defendants group RFP Nos. 1 through 19 in three categories: RFP No. 1, RFP Nos. 2-16, and RFP Nos. 17-19.

#### a. *RFP No. 1*

Defendants acknowledge that they directed Plaintiffs to the wrong production and have attempted to fix that mistake.[31] But Defendants stand by their objection on privilege and impermissible-discovery-of attorneys'-mental-impression grounds.[32]

Defendants assert a blanket objection to the question again espousing attorney-client privilege, overbreadth, vagueness, undue burden, and/or disproportionality. While, again, a responsive answer could implicate attorney-client privilege if not crafted with some precision, Defendants are not excused from providing *any* substantive response by merely incanting "privilege." Here too, Defendants have responded "there is no need [for them] to provide a Privilege Log

---

[31] Response to Mot. to Compel ¶¶ 11-13.

[32] *See id.* ¶ 11.

as there are no responsive documents other than documents already provided by Plaintiffs."[33]

As before, Defendants cannot object on generalized privilege grounds, fail to produce any specifics, a privilege log (or the like), and then rest on boilerplate responses alluding to attorney-client privilege.[34]  Even if this some portion of an answer to this question could be divined to reveal counsel's mental impressions,[35] Defendants cannot possibly assert the entirety of a potential answer requires unwarranted disclosure of such "mental impressions."

Plaintiffs' Motion to Compel RFP No. 1 is **GRANTED**.

### b.  *RFP Nos. 2-16*[36]

Defendants object "because [the request] inappropriately seeks confidential business information, which is irrelevant to Plaintiff's claim" and because the information sought is from beyond when the claims arose.[37]  So the objection is that the RFPs seek irrelevant and disproportionate information.

---

[33]  D.I. 25, Ex. C at 3 (September 6, 2022 Letter from Defendants to Plaintiffs).

[34]  *See In re Oxbow Carbon*, 2017 WL 959396, at *2; *Hammer*, 2017 WL 1179878, at *1.

[35]  Let's face it, at some level, everything a lawyer writes on behalf of a client says something about his or her thoughts on the client's case or position.

[36]  RFP Nos. 2, 4, and 6 were amended.  D.I., Ex. E.

[37]  Response to Mot to Compel ¶¶ 14-15.

"The scope of permissible discovery is broad, therefore objections to discovery requests, in general, will not be allowed unless there have been clear abuses of the process which would result in great and needless expense and time consumption."[38]

Plaintiffs seek to obtain information on certain like and other contracts or agreements Defendants entered from when Defendants first entered their initial contracts with Plaintiffs to the present. Because the dispute is about non-payment, Defendants conduct with other service providers is potentially relevant to the dispute. So discovery on this topic is permissible here.

However, Defendants' conduct *beyond* the termination of the at-issue contracts does not have a clear relationship to the breach-of-contract and related claims. Only where "the information sought [would] have no possible bearing on the subject matter of the action" should discovery be denied.[39] Just so here. Plaintiffs do not adequately explain why Defendants should be required to produce information to the present. The dispute is about certain contracts entered into and terminated in 2018 and 2019; Plaintiffs have not shown how those contracts and the

---

[38] *Hunter*, 2015 WL 5050648, at *2 (citation omitted).

[39] *New Castle Cnty. v. Christiana Town Ctr., LLC*, 2004 WL 1835103, at *4 (Del. Ch. Aug. 16, 2004) (citation omitted).

past alleged non-payment thereunder implicate Defendants' current inquire-of actions.

Accordingly, Plaintiffs' Motion to Compel RFP Nos. 2-16 is **GRANTED in part** in so far as those requests are limited in duration to no later than six months after Plaintiffs terminated the contracts-at-issue.

### c. *RFP Nos. 17-19*

Defendants assert that they cannot find any responsive documents but if they do, "they will produce said documents to Plaintiffs."[40] While Defendants initially argued that RFP Nos. 17-19 sought confidential business information and were vague, Defendants seem to concede these arguments by not acknowledging those objections in their response to the motion to compel.[41]

So, to the extent the Defendants can find the information, Plaintiffs' Motion to Compel RFP Nos. 17-19 is **GRANTED**.

### 3. Interrogatory No. 3

Defendants argue Interrogatory No. 3 is vague, overbroad, and asks for information protected by attorney-client privilege. That said, Defendants assure they "are continuing to investigate and will provide further names of individuals who may

---

[40] Response to Mot. to Compel ¶ 25.

[41] *See id.* ¶¶ 21-26.

have discoverable information and who Defendants may use in this litigation, if necessary."[42]

Plaintiffs ask in Interrogatory No. 3 for who might have discoverable information. Defendants provide a single name and then state that this common question is somehow vague and overbroad. And again, Defendants assert attorney-client privilege with no further explanation.

Defendants shall, without further delay, engage a diligent effort to locate this information and provide it to Plaintiffs; to that extent, Plaintiffs' Motion to Compel an answer to Interrogatory 3 is **GRANTED**.

### 4. Fees

Beyond compulsion and answering the interrogatories, Plaintiffs ask the Court to award them expenses, including attorney's fees, related to bringing this motion.[43] Plaintiffs argue that this is proper because Defendants have long drawn out and delayed litigation and have forced Plaintiffs to incur expenses to compel Defendants to participate in the discovery process.[44]

"Rule 37 gives the Court broad discretion to impose sanctions and shift costs

---

[42] *Id.* ¶¶ 28-30.

[43] Mot. to Compel at 10.

[44] *Id.* ¶ 25.

for discovery violations."[45]   "The Court[, however,] must exercise care when imposing any sanction, and such sanction must always be 'tailored to [a] specific discovery violation and its prompt cure; that includes consideration of the intent of the party opposing discovery, and of whether and to what extent the party seeking discovery has been prejudiced . . . but should always be viewed in light of [the] proper functions that sanctions are intended to serve.'"[46]

"Rule 37(a)(4)(A) instructs a judge granting a motion to compel to 'require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.'"[47]

"'Discovery is intended to be a cooperative and self-regulating process,' and 'cooperation and communication among the parties are essential during

---

[45]   *Dynacorp, et al. v. Underwriters at Lloyd's, London, et al.*, 2014 WL 4656393, at *3 (Del. Super. Ct. Sept. 18, 2014) (citations omitted).

[46]   *Keith v. Lamontagne*, 2021 WL 4344158, at *2 (Del. Super. Ct. Sept. 20, 2021) (certain alterations in original) (quoting *In re Rinehardt*, 575 A.2d 1079 (Del. 1990)).

[47]   *Serviz, Inc. v. ServiceMaster Co., LLC*, 2021 WL 5768655, at *6 n.59 (Del. Super. Ct. Dec. 6, 2021) (emphasis omitted) (quoting Del. Super. Ct. Civ. R. 37(a)(4)(A)).

discovery.'"[48]  That did not happen here.

The record reflects Defendants delayed and stonewalled certain of Plaintiffs' discovery attempts with blanket objections and a seeming lack of interest in engaging with what otherwise is a cooperative process.  This is especially evident in Defendants' persistent unfocused invocation of attorney-client privilege while refusing to produce a privilege log.  That said, Defendants are ultimately successful-in-part as to certain of their objections, though others are clearly not substantially justified.

In sum, it's a close call here.  But, exercising its broad discretion, the Court does not find an award of costs warranted at this point.  So Plaintiffs' request for costs (including attorney's fees) incurred in bringing this motion is **DENIED**.

### B. PLAINTIFFS' MOTION TO DEEM ADMITTED

Plaintiffs seek to have RFA Nos. 53-87, 92, 97, 102, 107, 112, 117, 122, and 127 deemed admitted.[49]  Additionally, Plaintiffs seek expenses, including attorney's fees.[50]

---

[48]  *Id.* (quoting *Cartanza v. Cartanza*, 2013 WL 1615767, at *2 (Del. Ch. Apr. 16, 2013)).

[49]  Mot. to Deem Admitted at 1.

[50]  *Id.* at 10.

**1. RFA Nos. 53-87**

Defendants object to providing certain admissions insisting they: (i) "went to the heart of Plaintiff's case;" and (ii) they were "overly broad, vague and unduly burdensome."[51]   Concerning the heart-of-the-case objection, Defendants say the request is an admission that they purchased and received goods, and combined "with the question of whether the invoices contained fraudulent billing," essentially ask Defendants to admit the central question in the litigation.[52]   Concerning the overly broad, vague, and unduly burdensome objection, Defendants state that because Plaintiffs seek admissions for a ten-month period, they are asking for an "unknowable number of requests for admission."[53]

Plaintiffs argue the RFAs seek answers to basic and routine questions.[54]

Generally under Rule 36, the Court "may order either that [a proposed] matter is admitted or that an amended answer be served."[55]  "The purpose of a request for admissions is not to deprive a party of a decision on the merits."[56]  "Rather, 'the

---

[51]   Response to Mot. to Deem Admitted ¶¶ 2-3, Nov. 28, 2022 (D.I. 34).

[52]   *Id.* ¶¶ 7-8.

[53]   *Id.* ¶¶ 10-12.

[54]   Mot. to Deem Admitted ¶ 19.

[55]   Del. Super. Ct. Civ. R. 36(a).

[56]   *Bryant*, 937 A.2d at 126 (citing Del. Super. Ct. Civ. R. 36(b)).

purpose of Rule 36 is to facilitate the proof at trial by eliminating facts and issues over which there is *little dispute*, but which are often difficult and expensive to prove. Requests for admission should not be used to establish the ultimate facts in issue.'"[57]

"[A] Rule 36 default admission is an improper vehicle to admit a conclusion of law and an ultimate fact going to the merits of the case."[58]

Roughly, the RFAs in question all seek Defendants to globally admit whether they received goods or services and whether they disputed any invoices. This is, indeed, the core of this controversy and the Defendants' case. To ultimately be meritorious in this litigation the Plaintiffs will have to prove delivery of contracted-for goods and services and the Defendants will need to support their now-suggested objections to unpaid invoices. Under Rule 36, the Court need not require Defendants to admit what ultimately is the central factual issue of Plaintiffs' claims.

For the foregoing reasons, Plaintiffs' Motion to Deem Admitted RFA Nos. 53-87 is **DENIED**.

---

[57] *Sweiger v. Del. Park, LLC*, 2013 WL 12348860, *2 (emphasis added) (quoting *Thorton*, 2006 WL 2126291, at *2).

[58] *R.C. Fabricators, Inc. v. W. Dover Pro. Park, LLC*, 2009 WL 5177150, at *2 (Del. Super. Ct. Sept. 30, 2009) (citing *Bryant*, 937 A.2d at 126).

### 2. RFA Nos. 92, 97, 102, 107, 112, 117, 122

Plaintiffs seek to know whether Vita is receiving management fees from the Facility Defendants.[59]  And Plaintiffs argue that the RFAs are "relevant to possible claims against non-parties related to Defendants through ownership, management or otherwise."[60]

Defendants first object that Plaintiffs did not specify a time frame for the RFAs, and second object because "[w]hether or not the Vita is *currently* receiving management or other fees from each of the Facility Defendants is entirely irrelevant to the facts or claims in the instant matter."[61]

The scope of these inquiries is not clear.  Now was it immediately clear before argument how they might be relevant to the action here.  In part, Plaintiffs claim that the answers could lead to more claims.  But such a bare possibility without any factual support is the sort of fishing expedition the Court won't charter.[62]

The case Plaintiffs assert as support for their excursion, *Omnicare, Inc. v.*

---

[59]  Mot. to Deem Admitted ¶ 10.

[60]  *Id.* ¶ 22 (citing *Omnicare, Inc. v. Mariner Health Care Mgmt. Co.*, 2009 WL 1515609 (Del. Ch. May 29, 2009)).

[61]  Response to Mot. to Deem Admitted ¶ 17 (emphasis in original).

[62]  *See Crescent/Mach I P'rs, L.P. v. Turner*, 846 A.2d 963, 980 (Del. Ch. 2000) ("Conclusory allegations that are pleaded without supporting facts 'cannot be the platform for launching an extensive litigious fishing expedition for facts through discovery in the hopes of finding something to support them.'" (quoting *Nebenzahl v. Miller*, 1996 WL 494913, at *3 (Del. Ch. Aug. 26, 1996)).

*Mariner Health Care Management Co.*, did not directly concern whether defendants were receiving management fees or unpaid invoices for goods and services.[63] Instead, it concerned equity ownership.[64]  The information was necessary because: "the identity of individuals who have any direct or indirect ownership interest in any of the Defendants [wa]s relevant to the issue of common control, and thus relevant to the scope of [plaintiff's] rights under the Guarantee Provisions."[65]  Here, there is no discernible issue of common control or ownership in the Plaintiffs' claims, and thus their cited *Omnicare* case does not assist them.

Plaintiffs' Motion to Deem Admitted RFA Nos. 92, 97, 102, 107, 112, 117, and 122 is **DENIED**.

**3. Fees**

Rule 37(c) provides that:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The Court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was

---

[63]  2009 WL 1515609 (Del. Ch. May 29, 2009).

[64]  2009 WL 1515609 (Del. Ch. May 29, 2009).

[65]  *Omnicare*, 2009 WL 1515609, at *6.

of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit.[66]

Because the Motion to Deem Admitted is denied, fees associated with bringing this motion are **DENIED** as well.[67]

### IV. CONCLUSION

For the above reasons, Plaintiffs' Motion to Compel an answer to Interrogatory Nos. 2 and 3 is **GRANTED**. Plaintiffs' Motion to Compel production of: (a) RFP No. 1 is **GRANTED**; (b) RFP Nos. 2-16 is **GRANTED in part** and are limited in duration to six months after Plaintiffs terminated the contracts-at-issue; and (c) RFP Nos. 17-19 is **GRANTED**. Plaintiffs' request for fees in bringing the Motion to Compel—while, again, a close call—is **DENIED**.

Plaintiffs' Motion to Deem Admitted RFA Nos. 53-87 and RFA Nos. 92, 97, 102, 107, 112, 117, 122 is **DENIED**. Plaintiffs' request for fees in bringing the Motion to Deem Admitted is **DENIED**.

**IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge

---

[66] Del. Super. Ct. Civ. R. 37(c).

[67] *See id.* ("[t]he Court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a)").