166 A.2d 431 (1960)
Sol A. DANN et al., Plaintiffs,
v.
CHRYSLER CORPORATION et al., Defendants.
Court of Chancery of Delaware, New Castle.
December 2, 1960.
Clarence W. Taylor and Russell J. Willard, Jr. (of Hastings, Taylor & Willard), Wilmington, and Lewis M. Dabney, Jr., New York City, for plaintiffs.
*432 Aaron Finger and Robert H. Richards, Jr. (of Richards, Layton & Finger), Wilmington, for defendant, Chrysler Corp.
Richard F. Corroon (of Berl, Potter & Anderson), Wilmington, for defendants, Brady, Dodge, Jones, Love, McCollum, McElroy, McNeill, Page, Trippe and Warren.
James M. Tunnell, Jr., and S. Samuel Arsht (of Morris, Nichols, Arsht & Tunnell), Wilmington, for defendants, Colbert, Jacobson, Leary, Misch, Quinn, Row, Townsend and Woolson.
Daniel L. Herrmann (of Herrmann & Duffy), Wilmington, for defendants, Ackerman, Bright and Laughna.
Clair John Killoran (of Killoran & VanBrunt), Wilmington, for defendants, K. T. Keller and Robert Keller.
John J. Morris, Jr. (of Morris, James, Hitchens & Williams), Wilmington, for defendant, Nafi Corp.
Albert W. James (of Morris, James, Hitchens & Williams), Wilmington, for defendant, Minor.
William Prickett (of Prickett & Prickett), Wilmington, for defendant, Newberg.
SEITZ, Chancellor.
This is the decision on certain "discovery" applications in a stockholders' derivative action for the benefit of Chrysler Corporation.
The motion of certain defendants ("defendants") for production of documents by plaintiffs is granted to the extent such documents may be germane to any of the causes of action contained in the complaint, subject to the limitation hereafter discussed.
Defendant Chrysler Corporation ("Chrysler") seeks an order compelling the plaintiff, Dann, to answer on his pending deposition questions seeking to adduce the identity of those giving him information relating to alleged irregularities by Chrysler executives or employees. Dann has refused to answer on the ground that he promised not to reveal such names and because such persons would surely be subject to economic sanctions by Chrysler.
Chrysler's motion is granted as to the names and addresses of alleged informers who are not now Chrysler employees, dealers, or suppliers. The fact that plaintiff agreed to keep such names in confidence is a matter which the court cannot here recognize. However, plaintiffs need not identify alleged informers: (1) who are still Chrysler employees, dealers or suppliers (2) who made the disclosure under a promise that their identity would not be revealed and (3) who will not be called as witnesses.
The limitation imposed is based upon my belief that such persons could be the victims of economic sanctions and Chrysler has not shown to my satisfaction that it will be prejudiced by not having the names of those falling within the imposed limitation. I believe the application of the discovery rules is subject to the exercise of the court's sound discretion (compare United States v. Kohler, D.C., 9 F.R.D. 289) and I feel that this is a proper case for the imposition of the limited restraint imposed. See Ross v. Fire-Casualty Ins. Co., 17 F.R.S. 30b. 35 Case 1, p. 460.
All documents provided by informers should be produced unless production will disclose the identity of the informer providing them, in which event the pertinent limitations announced above will apply. If deletions would remove the identity issue then that practice should be followed. Documents in this category not produced cannot be used by plaintiff in any subsequent phase of this litigation.
So that the court may have some control over the situation for possible future reference, the court will require that the plaintiffs file with the court a sealed list showing the names of all informers and identification of documents not produced because they might identify the producing informer.
*433 The time for compliance with the provisions herein adopted will be fixed in the order hereon. The defendants are always free to attempt to persuade me that my ruling is operating in a manner prejudicial to them.
I come to plaintiffs' motion seeking production by defendants of all the documents used by two New York law firms (Kelley, Drye and Dewey, Ballantine) in investigating the general personnel of Chrysler, at the behest of committees of Chrysler's board of directors. These investigations went far beyond the allegations of the complaint and sought in effect to find out if there were any areas in which the conduct of these men should be the subject of corporate action by litigation or otherwise. Indeed, many of those investigated are apparently not referred to in the complaint, even by class.
A motion for production must be related to the allegations of the complaint, not independent reports of this character, even though they may cover some of the same subject matter.
The plaintiffs made a similar type of request for documents based on a management letter to Dann stating that a broad investigation was under way concerning allegedly improper procurement practices. The request is subject to the same infirmity above noted. Moreover, plaintiffs are not entitled to discovery for the purpose of attempting to discover "new" causes of action. Compare Garbarino v. Albercan Oil Corporation, 35 Del.Ch. 27, 109 A.2d 824.
I will therefore deny the plaintiffs' motion to produce. If plaintiffs file a new motion fairly relating the requests to the allegations of the complaint the court will then determine whether it is still necessary to resolve questions of relevancy, privilege, work product, or good cause. I should add that I do not believe plaintiffs must first resort to other forms of discovery in this case.
Present order on notice.