## Re MILES

v.

## COOKSON.

Civ. A. No. 12310.

Court of Chancery of Delaware.

Submitted: Dec. 20, 1994.
Decided: March 3, 1995.

Paul E. Crawford, Stanley C. Macel, James T. Moore, Connolly, Bove, Lodge & Hutz, Wilmington.

Josy W. Ingersoll, Young, Conaway, Stargatt & Taylor, Wilmington.

HARTNETT, Vice Chancellor.[1]

In the Memorandum Opinion of November 15, 1994, this Court determined that because Cookson America and Cookson Pigments wilfully and maliciously misappropriated Miles' trade secrets, Miles is entitled to reasonable attorneys' fees incurred in litigating the dispute. 6 Del.C. § 2004. Thereafter, Miles submitted a detailed request for $1,723,043. In response, on December 14, 1994, Cookson requested that this Court "allow some limited

1. HARTNETT, Justice, sitting as Vice Chancellor pursuant to Del. Const. Art. IV § 13(2).

discovery as to the fees requested by Miles." Although the Court is somewhat reluctant to do so, it grants Cookson leave to conduct limited discovery.

█ Discovery is subject to the exercise of the sound discretion of the Court of Chancery. *Dann v. Chrysler Corp.* 39 Del.Ch. 437, 166 A.2d 431, 432 (1960).

The December 14, 1994 request for discovery by Cookson merely contains conclusory references to what Cookson considers "discrepancies" in the billing methods of Miles' attorneys. It, therefore, does not state a basis for extensive discovery.

█ Cookson's comparison of the breakdown of hours billed by two of Cookson's attorneys versus the hours billed by two of Miles' attorneys does not provide a basis for an inference that Miles' counsel engaged in improper billing. Cookson refers specifically to the billings of two attorneys on either side of this litigation who handled "technical" matters—Mr. Crawford for Miles, and Mr. Galbraith for Cookson—and those who handled "non-technical" matters—Mr. Macel for Miles, and Mr. Hanley for Cookson. Cookson challenges the billing by Miles' counsel because Miles was billed about three times more for Mr. Macel's time than Mr. Hanley billed Cookson. This might suggest that Mr. Macel simply did more work on the case than Mr. Hanley, or that the role of the plaintiff in proving misappropriation was more difficult. This purported comparison of hours billed by Mr. Macel and Mr. Hanley therefore does not indicate any "discrepancy". Furthermore, this Court notes the unwillingness of Cookson's counsel to disclose whether its total fees were substantially lower than those expended by Miles.

█ Nor is this Court persuaded to grant extensive discovery because of Cookson's observation that Miles' counsel devoted a substantial amount of time (roughly 750 hours) to the action before the lawsuit was filed, whereas defense counsel billed only 55 hours during this period. Discovery is hardly necessary to show that the costs associated with preparing to initiate a lawsuit may be substantial, especially where complex scientific issues are involved. This discrepancy may merely indicate the different roles of plaintiff's and defendant's counsel in the period prior to the filing of a complex lawsuit.

In response to Cookson's request, Miles' objects to the submission of time and billing records to Cookson, asserting that markings contained on these records may be protected by the attorney-client or work product privilege. It seems unlikely that at this stage of the litigation such a claim would have much merit.

Miles also claims that producing the voluminous records would be unduly time consuming. It is impossible for the Court to ascertain the accuracy of that claim.

█ Notwithstanding this Court's reluctance, in view of the litigious history of this lawsuit, to open the door to further discovery, Cookson is given leave to examine the ledgers and invoices of Miles' counsel that show the hours billed to Miles. This does not include an examination of the daily time sheets or records maintained by the individual attorneys.

Although it is difficult to imagine that the ledgers or invoices would contain any privileged matters, if Miles' attorneys in good faith believe that they do, they may submit redacted copies.

Miles is directed to produce these ledgers or invoices as soon as is practicable.

IT IS SO ORDERED.