# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted: November 21, 2023
Date Decided: December 7, 2023

David A. Dorey, Esquire
James G. Gorman III, Esquire
BLANK ROME, LLP
1201 N. Market St., Suite 800
Wilmington, Delaware 19801

James T. Smith, Esquire
Brian S. Paszamant, Esquire
Gregory S. Bergman, Esquire
BLANK ROME, LLP
130 North 18th Street
Philadelphia, Pennsylvania 19103

Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Abraham C. Schneider, Esquire
Emma K. Diver, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market St., 6th Floor
Wilmington, Delaware 19801

Walter C. Carlson, Esquire
Nilofer Umar, Esquire
Heather Benzmiller Sultanian, Esquire
Kendra Stead, Esquire
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603

RE: *BBP Holdco, Inc. et al. v. Brunswick Corp.*
C.A. No. N20C-10-135 PRW CCLD
Plaintiffs' Exceptions to the Special Magistrate's[1] November 7, 2023 Ruling

Dear Counsel:

This Letter Order disposes of Plaintiffs' Exceptions to the Special

---

[1] Re-designated from "Special Master" to "Special Magistrate," per the Superior Court's recent adoption of this nomenclature in concert with its sister courts.

Magistrate's November 7, 2023 Ruling[2] that resolved Plaintiffs' Motion for Order Vacating Defendant's Deposition Transcript Confidentiality Designations.[3]  For the reasons explained below, the Exceptions are **DENIED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2015, the parties entered into a Stock and Asset Purchase Agreement (the "SAPA") with Plaintiffs as the buyers and Defendant Brunswick Corporation ("Brunswick") as the seller.[4]  In their Complaint, Plaintiffs allege Brunswick intentionally failed to disclose material facts regarding a sales ban, recall, and fine issued by the Swedish Work Environmental Authority for one of its products.[5] Plaintiffs seek indemnity for losses it allegedly incurred in connection with the sales ban, recall, and fine, along with litigation costs and related expenses.[6]

---

[2]  Letter Ruling by Special Magistrate Addressing Plaintiffs' Motion for Order Vacating Defendant's Deposition Transcript Confidentiality Designations ("Ltr. Ruling") (D.I. 491).

[3]  Plaintiffs' Motion for Order Vacating Defendant's Deposition Transcript Confidentiality Designation ("Pltfs.' Mot.") (D.I. 437).

[4]  *See BBP Holdco, Inc. v. Brunswick Corp.*, 2022 WL 1178468, at *1 (Del. Super. Ct. Apr. 21, 2022).

[5]  *See id.*

[6]  *See id*.

Pursuant to Superior Court Civil Rules 5(g)[7] and 26(c),[8] the parties agreed to, and this Court entered, a Stipulation and Order Governing the Production and Use of Confidential and Highly Confidential Information (the "Confidentiality Order").[9] Section 1 of the Confidentiality Order states, in pertinent part:

> [a]ny Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such party in good faith reasonably believes that such Discovery Material contains non-public, confidential[,] personal, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material").[10]

Section 2 governs the procedure for designating confidential discovery material. It states that, "[i]n the case of depositions or other pre-trial testimony," such designation shall be made:

> (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten (10) business days of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential Discovery

---

[7]  "[E]xcept as otherwise provided by statute or rule, including this Rule 5(g) and Rule 26(c), all pleadings and other papers of any nature filed with the Prothonotary, including . . . deposition transcripts . . . shall become a part of the public record of the proceedings before this Court." Del. Super. Ct. Civ. R. 5(g).

[8]  Rule 26(c) allows courts to grant protective orders "upon motion by a party or by the person from whom discovery is sought" and "for good cause shown . . . ." Del. Super. Ct. Civ. R. 26(c).

[9]  Confidentiality Order (D.I. 19).

[10]  *Id.* ¶ 1.

Material.[11]

On June 11, 2021, the Court entered an order of reference appointing William D. Johnston, Esquire, as Special Magistrate for discovery matters.[12]

Plaintiffs recently filed a Motion for Order Vacating Defendant's Deposition Transcript Confidentiality Designations.[13] Through their motion, Plaintiffs sought an order vacating Defendant's designation of all 23 deposition transcripts as "Confidential."[14] Brunswick opposed.[15] And neither party requested argument.[16]

The Special Magistrate issued a Letter Ruling on November 7, 2023, granting Plaintiffs' motion, in part, and denying it, in part.[17] In his ruling, the Special Magistrate found that Brunswick had not met Delaware's governing standard of "good cause" to keep the entire collection of deposition transcripts confidential.[18] The Special Magistrate acknowledged that the language of the Confidentiality Order

---

[11]  *Id.* ¶ 2.

[12]  D.I. 76.

[13]  Pltfs.' Mot.

[14]  *Id.*

[15]  Defendant's Opposition to Plaintiffs' Motion for Order Vacating Defendant's Deposition Transcript Confidentiality Designations (D.I. 474).

[16]  *See* Ltr. Ruling at 2 (quoting *ID BioMedical Corp. v. TM Techs., Inc.*, 1994 WL 384605, at *2 (Del. Ch. July 20, 1994)).

[17]  *Id.*

[18]  *Id.* at 12-13.

permits a party to broadly designate a deposition transcript as "Confidential" if it "contains" "Confidential Discovery Material," and that "portions of the transcript designated" can be understood to mean all portions of a transcript if a blanket designation is made.[19] But the Special Magistrate granted Plaintiffs' motion, in part, because he found that Brunswick's designations were not sufficiently precise to meet the applicable standard.[20]

The Special Magistrate also denied Plaintiffs' motion, in part. Specifically, the Special Magistrate found he was:

> . . . not convinced that Defendant's obligation to provide more targeted designations has been triggered at this time because of the procedural posture presented, namely, that deposition transcripts and exhibits have not yet been lodged with the court and there is no present statement of an intention (by Plaintiffs or Defendant) to do so. If and when that occurs, it will be incumbent upon the lodging party (or the party otherwise using the deposition testimony in court proceedings) to de-designate testimony as may be appropriate, with good faith review by counsel as required by paragraph 3 of the Confidentiality Order. But, at present, [he] agree[d] that the effort and cost associated with such an exercise would be unwarranted.[21]

The next day, Plaintiffs sent an email asking that the Special Magistrate reconsider

---

[19]  *Id*. at 12.

[20]  *Id*. at 12-13.

[21]  *Id*. at 14.

his ruling.[22]  The Special Magistrate denied Plaintiffs' request for reconsideration on November 10, 2023.[23]  In that denial, the Special Magistrate further clarified his Letter Ruling, explaining that: (1) Brunswick's initial designation of deposition transcripts as confidential was *not* improper; (2) Brunswick has a good faith obligation to undertake good faith review and line-by-line designations in connection with exhibits to the Amended Complaint and any other motions filed; and, (3) the burden in no way falls on Plaintiffs to trigger Brunswick's obligations to initiate such review.[24]

## II.  PARTIES' CONTENTIONS

Plaintiffs have taken exception to the Special Magistrate's Ruling.[25]  Plaintiffs believe that the Confidentiality Order "obligates Defendant to revisit all of its designations now."[26]  They contend that no requirement exists that the transcripts first be "lodged with the court" before Brunswick is obligated to revisit its

---

[22]  Letter Ruling of Special Magistrate Addressing Plaintiffs' Request for Reconsideration ("Reconsideration Ltr. Ruling"), Ex. A (D.I. 492).

[23]  Reconsideration Ltr. Ruling.

[24]  *Id*. at 5-6 (emphasis added).

[25]  *See* Opening Brief in Support of Plaintiffs' Exceptions to the Special Magistrate's November 7, 2023 Ruling ("Pltfs.' Open. Br.") (D.I. 493).

[26]  *Id*. at 9.

confidentiality designations.[27]  In addition, Plaintiffs argue that the transcripts have already been lodged, both as attachments to the Amended Complaint as well as exhibits to this motion.[28]

Brunswick counters that the Special Magistrate properly determined that (1) the Confidentiality Order permits the designation of discovery material containing confidential information, and (2) when deposition testimony is used in public court filings, Brunswick will be obligated to determine more precisely the portions that require confidential treatment and the portions that don't.[29]  Brunswick further states that the process of making line-by-line confidentiality designations is already underway for deposition transcripts Plaintiffs filed with their Amended Complaint, and will be followed for future summary judgment and pre-trial filings.[30]  And Brunswick echoes the Special Magistrate observation that the obligation to do such a review for all deposition transcripts isn't yet triggered.[31]

---

[27]  *Id.*

[28]  *Id.* at 9-10.  Plaintiffs also contend that the ruling is errant because it incorrectly states that Plaintiffs have designated entire deposition transcripts as "Confidential," when they have not done so. *Id.* at 10.  That argument is immaterial to the resolution of the present motion.

[29]  Defendant's Answering Brief in Opposition to Plaintiffs' Exceptions to the Special Magistrate's November 7, 2023 Ruling ("Def.'s Ans. Br.") at 7-8 (D.I. 496).

[30]  *Id* at 8.

[31]  *Id* at 7.

## III. STANDARD OF REVIEW

A Special Magistrate's ruling is subject to *de novo* review by this Court.[32]

## IV. DISCUSSION

The agreed-upon Confidentiality Order allows for either party to designate "any Discovery Material" as "Confidential" "if such party in good faith reasonably believes that such Discovery Material" is deserving of confidential treatment.[33] Delaware law also provides, "where designations of confidentiality have been made pursuant to a protective order, the burden is on the designating party to show good cause."[34] And that requires a showing that "disclosure of the information would work a clearly defined and serious injury."[35] Such injury "must be shown with specificity."[36]

Here, the Special Magistrate found that Brunswick has not met the good cause standard prescribed by this Court. But the Special Magistrate also determined that an immediate review of all 23 deposition transcripts was neither appropriate nor needed at this time. Instead, the Special Magistrate instructed Brunswick make

---

[32] *See* Del. Super. Ct. Civ. R. 122(c); *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999) ("the standard of review for a [magistrate]'s findings—both factual and legal—is de novo").

[33] Confidentiality Order ¶ 1.

[34] *ID BioMedical Corp.*, 1994 WL 384605, at *2.

[35] *Id*.

[36] *Id*.

particularized showings and line-by-line designations for deposition transcripts once they are "lodged with the court."[37]

The Special Magistrate's ruling is sound. "Under the First Amendment of the United States Constitution and as a matter of common law, the public has a presumptive right of access to judicial records."[38] Indeed, "[t]he public's right of access to court documents and proceedings 'is considered fundamental to a democratic state and necessary in the long run so that the public can judge the product of the courts in a given case.'"[39]

Yet, courts have clarified that "no public right of access exists with respect to materials produced during the initial stages of discovery."[40] "[T]he public's right of access to discovery material only encompasses access to 'judicial documents'" that are "relevant to the performance of the judicial function and useful in the judicial process."[41] Conversely, "[d]ocuments that play no role in the performance of

---

[37] Ltr. Ruling at 14.

[38] *Twitter, Inc. v. Musk*, 2023 WL 4995738, at *1 (Del. Ch. Aug. 4, 2023) (quoting *In re Appraisal of Columbia Pipeline Gp., Inc.*, 2018 WL 4182207, at *1 (Del. Ch. Aug. 30, 2018)).

[39] *Id.* (quoting *Al Jazeera Am., LLC v. AT & T Servs., Inc.*, 2013 WL 5614284, at *3 (Del. Ch. Oct. 14, 2013)) (internal quotation marks omitted).

[40] *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp.2d 220, 222 (S.D.N.Y. 2006) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

[41] *SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001) (quoting *Amodeo*, 44 F.3d at 145; *see also Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) ("[A]s a threshold question, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches.") (cleaned up). Judicial documents "directly

[adjudicative] functions, *such as those passed between the parties in discovery*, lie entirely beyond the presumption's reach and stand on a different footing . . . ."[42] As the United States Supreme Court has observed: "pretrial depositions . . . are not public components of a civil trial" and are generally "conducted in private as a matter of modern practice."[43]

At present, the deposition transcripts in question are documents "passed between the parties in discovery."[44] The Special Magistrate made the judicious determination that a particularized review of those documents now is unwarranted. The Court agrees.

All that said, any party filing deposition transcripts with the Court will need

---

affect an adjudication," such as "those relating to the decision of a motion for summary judgment." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004).

[42]  *Amodeo*, 44 F.3d at 145 (emphasis added); *see also Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 343-44 (3d Cir. 1986) (distinguishing between a disputed settlement agreement filed with the court (a judicial document) and the products of pretrial discovery (not judicial documents)); *United States v. Smith*, 776 F.2d 1104, 1111–12 (3d Cir. 1985) (differentiating between a bill of particulars (a judicial document) and civil discovery materials (not judicial documents)); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (concluding that deposition discovery materials are "[d]ocuments that play no role in the performance of Article III functions"); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295-96 (2d Cir. 1979) (establishing a presumption *against* public disclosure of pretrial discovery materials placed under seal by a protective order of a court) (emphasis added); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232-33 (2d Cir. 2001) (ruling that pretrial deposition transcripts are not judicial documents).

[43]  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (citing *Gannett Co. v. DePasquale*, 443 U.S. 368, 389 (1979)).

[44]  *See Amodeo*, 44 F.3d at 145.

to satisfy the good cause standard for any part thereof to retain confidential designation. Brunswick's initial designation of deposition transcripts as confidential was in accordance with the Confidentiality Order's requirements, and Brunswick was under no immediate obligation to de-designate deposition transcripts not yet submitted in relation to a filing seeking adjudication of the merits of substantive issues.[45]

Moreover, the ruling of the Special Magistrate—whom, as the parties well know, has been "enlisted for these parties' benefit"[46]—in Plaintiffs' favor is not merely a device through which Plaintiffs can extract an even more favorable result from the Court.[47] Instead, the ruling is a sound exercise of discretion promoting *efficient* discovery.[48] Evidently, Brunswick has already initiated a particularized

---

[45] Plaintiffs contend that all deposition transcripts are now judicial documents because they were filed with the Court as exhibits to the present motion. Pltfs.' Open. Br. at 9-10. That makes little sense. The present motion does not "directly affect [the] adjudication" nor does it significantly "determin[e] litigants' substantive rights." *Amodeo*, 71 F.3d at 1049.

[46] *BBP Holdco, Inc.*, 2022 WL 1178468, at *3.

[47] Be assured, the Court will not allow the mere filing of a discovery dispute motion or exceptions to resolution thereof to facilitate an end run on the rather simple concepts explicated above. *See* Pltfs.' Open. Br. at 9 (Plaintiffs suggesting first that the in-question transcripts were made part of the adjudicative phase of the case when they attached them as exhibits to the instant motion to vacate confidentiality designations).

[48] The application of discovery rules is subject to the exercise of this Court's sound discretion, *Dann v. Chrysler Corp.*, 166 A.2d 431, 432 (Del. Ch. 1960), and the Special Magistrate's "[work and] decisions [on these subjects] are [no] less thoughtful or worthy than those of a trial judge." *BBP Holdco, Inc.*, 2022 WL 1178468, at *3 (quoting *DiGiacobbe*, 743 A.2d at 184).

review of those deposition transcripts attached as exhibits to Plaintiffs' Amended Complaint. Further, the deadline for summary judgment filings looms; presumably, this will occasion deposition transcripts needing de-designation where appropriate. Such prescribed procedures promote efficient discovery—Plaintiffs' additional exercise of litigious muscle here does not.

Accordingly, Plaintiffs' exceptions to the Special Magistrate's November 7, 2023 Ruling are **DENIED**.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

cc: All Counsel via File and Serve
Special Magistrate William D. Johnston